FAXED
FIRST LEGAL SUPPORT SERVICES

1  MCGUIREWOODS LLP
   Susan L. Germaise (State Bar No. 176595)
2  1800 Century Park East, 8th Floor
   Los Angeles, CA 90067
3  Telephone: (310) 315-8200
   Telecopier: (310) 315-8210
4  sgermaise@mcguirewoods.com
5
6  Attorneys for Defendants
   SLM Corporation and Sallie Mae, Inc
7
8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10
11 ANGELO BOTTONI; PAUL ROBERTS; and    CASE NO. CV 10 3602
   TRACIE SERRANO, for themselves and all
12 others similarly situated,           NOTICE OF REMOVAL TO THE
                                        UNITED STATES DISTRICT COURT
13              Plaintiffs,             FOR THE NORTHERN DISTRICT OF
                                        CALIFORNIA PURSUANT TO 28 U.S.C.
14 v.                                   §§1332, 1367, 1441, and 1446
15 SLM CORPORATION; SALLIE MAE, INC.;   (Removed from Superior Court of the State of
   and DOES 1 through 1,000 inclusive,  California, San Francisco County, Case No.:
16                                      CGC-10-501519)
17              Defendants.             DEMAND FOR JURY TRIAL

15362868.1

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446 and provisions of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119, Stat. 4 (2005) ("CAFA"), Defendants SLM Corporation and Sallie Mae, Inc. ("Defendants"), by and through their attorneys, hereby notify this Court that they are removing the above-captioned action, currently pending in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-10-501519, to the United States District Court of the Northern District of California.

## I. INTRODUCTION

1. Plaintiffs Angelo Bottoni, Paul Roberts, and Tracie Serrano ("Plaintiffs") filed their Complaint against SLM Corporation and Sallie Mae, Inc., and Does 1-1000 in the Superior Court of the State of California for the County of San Francisco on July 13, 2010. The summons was served to Sallie Mae, Inc. on July 16, 2010 and to SLM Corporation on July 19, 2010.

2. The papers filed in the State Court Action are attached as Exhibit A.

3. In accordance with 28 U.S.C. § 1446(d), Defendants have given contemporaneous written notice of this Notice of Removal to all adverse parties and the Clerk of the Superior Court of the State of California for the County of San Francisco. See Notices of Filing Notice of Removal, attached collectively as Exhibit B.

4. Defendants are removing this case to the federal district court embracing the place where the state court action was filed, as required by 28 U.S.C. § 1441(a).

5. As set forth below, this action is removable to federal court because there is federal diversity jurisdiction over all of the Plaintiffs in this action pursuant to the CAFA, codified at 28 U.S.C. §§ 1332(d)(2). Specifically, (1) this is a civil class action consisting of more than 100 Plaintiffs; 28 U.S.C. § 1332(d)(2); (2) the citizenship of at least one Plaintiff is different from that of at least one Defendant, 28 U.S.C. § 1332(d)(2)(A); and (3) the matter in controversy, after aggregating the claims of Plaintiffs, exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(6).

## II. JURISDICTIONAL BASIS FOR REMOVAL

### A. This is a Class Action Consisting of More than 100 Plaintiffs.

6. This action was filed by three Plaintiffs, alleging common questions of law and fact, on behalf of a class of plaintiffs that "at a minimum, [is] in the thousands." (Compl. ¶¶ 55, 61.) Accordingly, the requirement that a class action be a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" is satisfied. *See* 28 U.S.C. § 1332(d)(1)(B). Further, the requirement that the number of members of all proposed plaintiff classes in the aggregate be greater than 100 is also satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### B. The Parties are of Diverse Citizenship.

7. CAFA eliminates the requirement of complete diversity. Rather, in actions covered by CAFA, the requisite diversity of citizenship is satisfied as long as there is "minimal diversity" – i.e., the citizenship of any plaintiff differs from that of at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007).

8. Not only is minimal diversity satisfied, but, here, complete diversity of citizenship exists in this case under 28 U.S.C. § 1332(d)(2)(A) because all of the Plaintiffs are citizens of a state different from that of all of the Defendants. The three named Plaintiffs Angelo Bottoni, Paul Roberts, and Tracie Serrano are citizens of the State of California. (*See* Compl. ¶¶ 5-7.) Both SLM Corporation and Sallie Mae, Inc. are corporations organized under the laws of the state of Delaware, with their principal places of business in Reston, Virginia. (*See id.*, ¶¶ 2-3.) Thus, Defendants are citizens of both Delaware and Virginia, but not California.

9. Defendant "Does 1-1,000" are fictitious Defendants whose citizenship shall be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a); *see* Compl. ¶ 4.

10. Accordingly, complete diversity of citizenship existed at the time of the filing of the Complaint and at the time of removal because all of the plaintiffs (citizens of California) are citizens of a different state than all of the Defendants (citizens of Delaware and Virginia).

C.  **The Allegations of Plaintiffs' Complaint Establish that the Amount in Controversy Requirement is Satisfied.**

11.  Under 28 U.S.C. § 1332(d) a class action is removable if it satisfies the amount in controversy requirements under CAFA if the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs. *See* U.S.C. § 1332(d)(2).

12.  In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the Plaintiffs on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

13.  Here, Plaintiffs fail to plead a specific amount of damages. Accordingly, jurisdiction turns on whether Defendant establishes "by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007); *see also Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (applying the preponderance of the evidence standard to complaints filed under CAFA that do not specify a particular amount in controversy). To satisfy the "preponderance of the evidence" test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The removing party's burden is "not daunting," and Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. UNISYS Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (denying motion for remand).

14.  In determining the amount in controversy, this Court may look beyond the complaint to determine whether the amount in controversy requirement is met. *See Abrego*, 443 F.3d at 690. Specifically, this Court may also consider facts presented in the removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

15.  In determining the amount in controversy, courts take into account the amount of (1) compensatory damages; (2) punitive damages; (3) attorneys' fees; and (4) the cost of compliance with injunctive relief. *See Yoroushalmi v. Blockbuster Inc.*, No. 05-2550, 2005 U.S.

Dist. LEXIS 39331, *16-19 (C.D. July 11, 2005). Here, Plaintiffs, in the aggregate, seek well above the jurisdictional minimum of $5 million.

### (1) Compensatory Damages

16. Plaintiffs bring five causes of action against Defendants: (1) violation of California Civil Code Section 1671; (2) violation of the Consumer Legal Remedies Act; (3) violation of the Unfair Competition Law; (4) breach of contract; and (5) declaratory relief. (*See* Compl. ¶¶ 27-52.) Plaintiffs claim that Defendants assessed an unreasonable and illegal collection penalty of approximately 24% regardless of the actual collection costs. (Compl. ¶ 14.) Plaintiffs seek unspecified damages for the class of at least a thousand, which includes damages, restitution, disgorgement, punitive damages (for one claim), attorneys' fees, and injunctive relief.

17. The class representatives specifically claim $53,865.44 in aggregate compensatory damages ($11,962.71 for Plaintiff Bottoni, $19,689.45 for Plaintiff Roberts, and $22,213.28 for Plaintiff Serrano). (Compl. ¶¶ 22, 24, 26.) Currently, Plaintiffs' Complaint alleges at least 1,000 Plaintiffs. (*See* Compl. 55.) Assuming a minimum of 1,000 Plaintiffs, the $5 million aggregate limit would be met even if each Plaintiff in this class action places only $5,000 at issue.

18. Plaintiffs assert that their claims are "typical of the members of the Class . . ." (Compl. ¶ 58.) Accordingly, it is conservative to estimate that each class member will claim at least $11,000 in damages, which is approximately the amount of damages claimed by Plaintiff Bottoni, who claims the least amount of damages of all the class representatives. *See Behrazfar v. UNISYS Corp.*, 687 F. Supp. 2d at 1004 (finding that defendant established by a preponderance of the evidence that amount in controversy exceeds $5 million where defendant's "calculations were relatively conservative, made in good faith, and based on evidence wherever possible"). *See also Neville v. Value City Dep't Stores, LLC*, No. 07-53, 2008 U.S. Dist. LEXIS 55284, at *15-17 (S.D. Ill. 2008) (holding that various factors substantiated good faith estimate of the amount in controversy); *Eisler v. Med. Shoppe Int'l, Inc.*, No. 05-2272, 2006 U.S. Dist. LEXIS 6516, at *6 (E.D. Mo. 2006) (crediting a conservative estimate of value).

19. Accordingly, based on compensatory damages alone, by a preponderance of the evidence, Plaintiffs' claims exceed the $5 million CAFA requirement. In addition, Plaintiffs'

1 further claims for punitive damages, attorneys' fees, and the cost of injunctive relief clearly exceed this threshold. *See Yoroushalmi v. Blockbuster Inc.*, 2005 U.S. Dist. LEXIS 39331, at *16-19 (it is proper to consider punitive damages, attorneys' fees, and the cost of injunctive relief in determining the amount in controversy).

      (2) **Punitive Damages**

20.    Punitive damages are included in the amount in controversy if they are recoverable under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). In this case, Plaintiffs seek punitive damages pursuant to *Cal. Civil Code* § 1750 (Compl., Prayer for Relief p. 13), and such punitive damages are arguably recoverable if Plaintiffs were to prevail. *Cal. Civ. Code* § 1780(a)(4) ("any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover . . . punitive damages").

21.    California law does not provide any specific monetary limit on punitive damages which may be awarded under *Cal. Civil Code* § 1750. The proper amount of punitive damages is based on the reprehensibility of a defendant's conduct, the ratio between compensatory and punitive damages, and a ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1359-60 (9th Cir. 1994). However, California courts have permitted punitive damages awards with a 6:1 ratio between punitive and compensatory damages. *See Gober v. Ralphs Grocery Co.*, 137 Cal. App. 4th 204, 223 (2006). Accordingly, the amount of punitive damages in controversy alone in this case could very well be in the millions of dollars.

      (3) **Attorneys' Fees**

22.    Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Lowdermilk*, 479 F.3d at 1000. Plaintiffs claim attorneys' fees under *Cal. Civil Code* §§ 1717(a), 1780, and 1021.5. (Compl., Prayer for Relief p. 13-14.) Under at least two of these sections, should Plaintiffs prevail, they may be entitled to attorneys' fees. *See Cal Civ Code* § 1780(b)(2)(e) ("[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in

1 litigation filed pursuant to this section"); *Cal. Civil Code* § 1021.5 ("court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest").

23. In this case, Plaintiffs are represented by Gallo & Associates, which is "principally a commercial firm providing services to clients on an hourly basis." *See Kaluzhski, et al. v. Rite Aid Corporation, et al.*, No. 09-283 (C.D. Cal), Fee Petition submitted 7/6/09, Dkt. 39 at 10 n.4, attached as Exhibit C. Mr. Gallo, who signed the complaint, and an associate appear to be the principal attorneys working on the case. At least as of 2009, Mr. Gallo's "usual and customary hourly rate as paid by his hourly clients is $435." *Id.* at 11.

24. Based on this hourly rate and a conservative estimate of the time necessary to litigate a class action complaint through trial, the attorneys' fees, in addition to the compensatory damages and punitive damages would certainly exceed the $5 million CAFA requirement. *See Galt G/S v JSS Scandinavia*, 142 F3d 1150, 1156 (9th Cir 1998) (including claimed attorneys' fees to reach amount in controversy).

### (4) The Cost of Injunctive Relief

25. In addition to damages, Plaintiffs also request injunctive relief in this mater. Specifically, Plaintiffs have requested that the Court enter an order "enjoining Defendants and their agents from engaging in the methods, acts or practices" alleged in their Complaint. (Compl., Prayer for Relief p. 12-13.) Injunctive relief may also be considered in determining the amount in controversy. *See Yoroushalmi v. Blockbuster Inc.*, No. 05-2550, 2005 U.S. Dist. LEXIS 39331, at *16-19 (C.D. July 11, 2005) (it is proper to consider the cost of injunctive relief in assessing the amount in controversy.)

26. For purposes of determining the amount in controversy, the Ninth Circuit measures the value of injunctive relief either by (1) calculating the defendant's cost of compliance or (2) calculating the amount saved by Plaintiffs without the alleged harm. *See Miller v. Maverik County Stores*, 72 Fed. Appx. 582, 584 (9th Cir. 2003) (a "court may use defendant's 'viewpoint' of costs to determine amount in controversy if plaintiff's potential recovery is below the relevant amount"); *Boston Reed Co. v. Pitney Bowes, Inc.*, No. 02-1106, 2002 U.S. Dist. LEXIS 11683,

\*17-18 (N.D. Cal. June 20, 2002) (if the court were to enter an injunction, it "would measure the value of the injunction not according to defendants' loss of business but according to the amount plaintiff would save by not being charged").

27. Plaintiffs seek injunctive relief prohibiting Defendants from assessing and collecting 24% collection charges from its borrowers. If Plaintiffs' requested injunction were imposed, the cost to Defendants to comply with this would be significant.

28. When viewed as a whole, the claims asserted by Plaintiffs yield an amount in controversy over and above the CAFA jurisdictional limit. Accordingly, the jurisdictional amount set forth in CAFA is "more likely than not" satisfied.

**D.     None of the 28 U.S.C. § 1332(d) Exceptions Apply**

29. None of the exceptions in CAFA prevents this Court from exercising jurisdiction over this class action.

30. The removing party bears the burden to establish a *prima facie* case of removal jurisdiction (i.e. – requisite number of plaintiffs, minimal diversity, and amount in controversy). *See Abrego*, 443 F.3d at 685. However, once a removing party establishes a *prima facie* case for removal, the burden shifts to the party seeking remand to establish that one of the exceptions under 28 U.S.C. § 1332(d) divests the federal court of jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d at 1021-24. Without assuming Plaintiffs' burden, none of the 28 U.S.C. § 1332(d) exceptions apply in this case.

31. First, a "discretionary" exception to CAFA removal jurisdiction exists where a district court may decline to exercise jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed..." *See* 28 U.S.C. § 1332(d)(3). In this case, neither Defendant is a citizen of the State of California, (Compl. ¶¶ 2-3), so the exception does not apply.

32. Likewise, the so-called "local controversy" exception contained in 28 U.S.C. § 1332(d)(4)(A) does not apply here. Specifically, a district court shall decline jurisdiction where four conditions exist: (1) greater than two-thirds of the members of the plaintiffs' class are citizens

of the state in which the action is filed; (2) at least one of the defendants is a defendant from whom members of the putative class seek significant basis of the asserted claims, and who is a citizen of the state in which the action was filed; (3) principal injuries resulting form the alleged conduct of each defendant were incurred in the state in which that action was filed; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within three years preceding the filing of the instant action. 28 U.S.C. § 1332(d)(4)(A). Again, this exception does not apply because neither Defendant is a citizen of California. (Compl. ¶¶ 2-3.)

33. Additionally, the "home state" exception does not apply in this case. It provides that a district court shall decline jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the state in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Again, both Defendants in this case are not citizens of the State of California. (*See* Compl. ¶¶ 2-3.) Accordingly, 28 U.S.C. § 1332(d)(4)(B) does not apply in this case.

34. The last exception provides that removal jurisdiction under CAFA does not exist where "the primary defendants are States, state officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." *See* 28 U.S.C. § 1332(d)(5). In this case, none of the Defendants are States, state officials or governmental entities. (*See* Compl. ¶¶ 2-4.) Accordingly, this exception does not apply in this case.

35. In short, none of the exceptions contained in 28 U.S.C. § 1332(d) apply in this case.

36. This case should be removed because (i) this is a civil class action for monetary relief in which more than 100 or more persons are proposed to be tried jointly, (ii) there is diversity of citizenship between the parties, (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs and, (iv) no exceptions apply.

III. **CONCLUSION**

WHEREFORE, Defendants pray that the above action now pending in the Superior Court of the State of California for the County of San Francisco, be removed therefrom to this Court.

DATED: August 16, 2010        McGuireWoods LLP

By: _____
Susan L. Germaise
Attorneys for Defendants SLM Corporation and
Sallie Mae, Inc.

15362868.1

10

 **CT Corporation**

**Service of Process Transmittal**
07/16/2010
CT Log Number 516957788

TO: Eric Reicin
Sallie Mae, Inc.
12061 Bluemont Way
Reston, VA 20190

RE: Process Served in California

FOR: Sallie Mae, Inc. (Domestic State: DE)

JUL 20 2010

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Angelo Bottoni, et al., Pltfs. vs. SLM Corporation, et al. Including Sallie Mae, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Demand For Jury Trial, Exhibit, Notice to Plaintiff, Attachment(s), Stipulation Form, Statement Form |
| **COURT/AGENCY:** | San Francisco County, Superior Court, CA<br>Case # CGC10501519 |
| **NATURE OF ACTION:** | Class Action - Seeking Declaratory Relief that Court declare all Collection Penalties assessed by Defendants and their agents as a percentage of the amount owing under all Notes made by members of the class, to be unenforceable, void, illegal, and assessed in violation of applicable laws and the Notes themselves |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/16/2010 at 10:05 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 12/10/2010 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Ray E. Gallo<br>Gallo & Associates<br>1101 5th Ave<br>Suite 205<br>San Rafael, CA 94901<br>415-397-1205 |
| **REMARKS:** | Please note that page 2 of cover sheet was not received with documents at time of service. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790720104474<br>Email Notification, Eric Reicin ERIC.REICIN@SLMA.COM<br>Email Notification, Anne Milem anne.milem@slma.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

7-13-10   first legal   4156261331

7/16/10 @ 10:05

**FAXED**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SLM Corporation; Sallie Mae, Inc.; and Does 1 through 1,000 Inclusive (SW)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

~~Angelo Bottoni, abad,~~ Paul Roberts and Tracie Serrano for themselves and all others similarly situated (SW)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court
Civic Center Courthouse, 400 McAllister Street
San Francisco, CA 94102

**CASE NUMBER:** *(Número del Caso):* CGC-10-501519

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ray E. Gallo, 1101 5th Ave., Suite 205, San Rafael, CA 94901, (415)397-1205

**DATE:** JUL 13 2010   **CLERK OF THE COURT**   Clerk, by D. NATT   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify):* Sallie Mae, Inc.
   under: [X] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 7/16/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A - 12

7-13-10   first legal   4156251331

FAXED

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State bar number, and address):
Ray E. Gallo (SBN 158903) Dominic Valerian (240001)
GALLO & ASSOCIATES
1101 5th Avenue, Suite 205
San Rafael, CA 94901
TELEPHONE NO: (415)397-1205   FAX NO.: (310)338-1199
ATTORNEY FOR (Name): Plaintiff Angelo Bottoni, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Bottoni, et al. v. SLM Corp., et al.

FOR COURT USE ONLY

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUL 13 2010

CLERK OF THE COURT
BY: _____ PARAM NATT
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter  ☐ Joinder | CGC-10-501519 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☑ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 5
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 13, 2010
Dominic Valerian
(TYPE OR PRINT NAME)   ▶ /s/ Dominic V.L.
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A – 13

```
                                    -10      first legal      415626'         FAXED
```

GALLO & ASSOCIATES
Ray E. Gallo (State Bar No. 158903)
rgallo@gallo-law.com
Dominic Valerian (State Bar No. 240001)
dvalerian@gallo-law.com
1101 5th Avenue, Suite 205
San Rafael, CA 94901
Phone: (415) 397-1205
Fax: (310) 338-1199

Attorneys for Plaintiffs Angelo Bottoni,
Paul Roberts, and Tracie Serrano, on behalf of
themselves and all others similarly situated.

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUL 1 3 2010

CLERK OF THE COURT
BY: _____PARAM NATT_____
            Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

ANGELO BOTTONI; PAUL ROBERTS; and
TRACIE SERRANO, for themselves
and all others similarly situated,

Plaintiffs,

v.

SLM CORPORATION; SALLIE MAE, INC.;
and DOES 1 through 1,000, inclusive,

Defendants.

Case No. CGC-10-501519

CLASS ACTION COMPLAINT FOR
DAMAGES, RESTITUTION,
DECLARATORY RELIEF, AND
INJUNCTIVE RELIEF FOR:

1. VIOLATION OF CALIFORNIA CIVIL CODE § 1671;
2. VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT;
3. VIOLATION OF THE UNFAIR COMPETITION LAW;
4. BREACH OF CONTRACT; AND
5. DECLARATORY RELIEF.

Demand for Jury Trial
CASE MANAGEMENT CONFERENCE SET

DEC 10 2010  9:00 AM
DEPARTMENT 212

COMPLAINT

Plaintiffs, acting for themselves and for all others similarly situated, allege as follows. The allegations herein that relate to Plaintiffs' personal actions are made based on their personal knowledge. The balance are made on information and belief based on the investigation of counsel.

### Nature of Action

1. Plaintiffs brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of SLM Corporation, its subsidiaries, and its third party debt collectors in assessing and collecting illegal liquidated damage penalties and/or unreasonable collections charges from its borrowers in connection with its Signature Student Loan program.

### The Parties

2. SLM Corporation is a Delaware corporation that maintains its headquarters at 12061 Bluemont Way, Reston, Virginia. Its primary businesses are to originate, hold, and/or collect student loans by providing funding, delivery, and servicing support. SLM Corp. is the market leader in education finance, managing more than $180.4 billion in debt for more than 10 million borrowers. Through its subsidiaries, SLM Corp. provides educational finance throughout the United States, including in San Francisco County.

3. Sallie Mae, Inc. is a subsidiary of SLM Corporation. It is a Delaware corporation that maintains its headquarters at 12061 Bluemont Way, Reston, Virginia. Sallie Mae, Inc. does business throughout the country, including in San Francisco County.

4. The true identities of Does 1 through 1,000, and all of them, are unknown to Plaintiffs. They will amend this Complaint to identify them when their identities are ascertained. On information and belief, each of Does 1 through 1,000 is or at relevant times was the partner, general partner, agent, employee, officer, director, controlling shareholder, principal, corporate parent, corporate subsidiary, affiliate, co-conspirator, joint or co-venturer of one or more of the Defendants or the lender, holder, collector, assignor, assignee, and/or collector of a Plaintiff or class member's student loan and is responsible for the wrongdoing alleged herein by virtue of having authorized, ratified, consented to, perpetrated, participated in, or aided and abetted that wrongdoing.

5. Plaintiff Angelo Bottoni is, and at all times mentioned herein was, an individual citizen of the State of California. He resides in Oakland, California.

6. Plaintiff Paul Roberts is, and at all times mentioned herein was, an individual citizen of the State of California. He resides in Sacramento, California.

7. Plaintiff Tracie Serrano is, and at all times mentioned herein was, an individual citizen of the State of California. She resides in Newark, California.

### Allegations Common to All Causes of Action

8. SLM Corporation and its subsidiary Sallie Mae, Inc. (collectively "Sallie Mae") originate and acquire both federally guaranteed loans, which are administered by the U.S. Department of Education, and private student loans that are not federally guaranteed. Private student loans often fund the shortfall between available federal funds, which have statutory limits on annual and total borrowing, and students' actual costs of education. Sallie Mae is the largest servicer of private student loans, servicing $39 billion of private student loans as of December 31, 2008.

9. Until 2009,[1] Sallie Mae's largest private student loan program was the Signature Student Loan, which was offered to undergraduate and graduate students through the financial aid offices of colleges and universities nationwide. Sallie Mae's sales force marketed Signature Student Loans to schools, which in turn directed their students to Sallie Mae. Sallie Mae originated the loans itself or, in other cases, relied on its lending partners, (typically national or regional banks) to originate the loans—which Sallie Mae then purchased after they funded.

10. To obtain a Signature Student Loan, borrowers were required to sign a Signature Student Loan Promissory Note (the "SSL Promissory Note" or the "Notes"). Many of these Notes were co-signed by additional borrowers as co-makers or guarantors. The SSL Promissory Note is a standardized contract of adhesion that was presented to borrowers on a take it or leave it basis with no opportunity to negotiate its terms.

---

[1] In 2009 Sallie Mae's Signature Student Loan program was replaced by Sallie Mae's Smart Option Student Loan program.

1  11.   Each SSL Promissory Note contains the following or a substantially similar
2  provision governing collection costs:

> [Borrower] agree[s] to pay [holder] reasonable amounts permitted by law, including attorneys' fees and court costs, which [holder] incurs in enforcing the terms of this Note, if [borrower is] in default.[2]

6  12.   Pursuant to the terms of the SSL Promissory Note, if the borrower fails to make
7  any monthly payment to the lender when due, the loan goes into default and, pursuant to its
8  terms, becomes due and payable in full.

9  13.   When a Signature Student Loan goes into default, Sallie Mae generally refers the
10 loan to a professional debt collector, which may be a third party or a Sallie Mae subsidiary.
11 Sallie Mae notifies the collector of the amounts allegedly owed on the defaulted loan, including
12 claimed collection costs, and the debt collector demands those amounts from the borrower.

13 14.   The Note limits collection costs to "reasonable amounts permitted by law ...
14 which [the lender] incurs." But at Sallie Mae's direction its debt collectors systematically assess
15 collection costs to the borrower that approximate 24% of the principal and interest due on the
16 loan and are not actually paid or owed by the holder of the Note ("Collection Penalties"). Sallie
17 Mae's precise method for calculating these Collection Penalties is unknown to Plaintiffs at this
18 time; however, the Collection Penalties approximate 24% of the principal and interest due on the
19 loan.

20 15.   As set forth in *Bondanza v. Peninsula Hospital Medical Center*, 23 Cal. 3d. 260
21 (1979), these flat rate Collection Penalties that are imposed by all of the Defendants or their
22 agents under the Notes constitute unlawful liquidated damages and violate Cal. Civ. Code §
23 1671. Defendants and their agents' assessment of these unlawful Collection Penalties also

---

26 [2] The provision governing collection costs in the Smart Option Student Loan promissory note is similar in all material respects, providing in relevant part: "Unless prohibited by applicable law,
27 [borrower] agree[s] to pay [lender] all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that [lender] incur[s] in enforcing the terms of
28 this Note...."

3
COMPLAINT

1 violates Cal. Civ. Code §§ 1750, et seq., the Consumers Legal Remedies Act (CLRA)[3]; Cal. Civ. Code §§ 1788, et seq., The Rosenthal Fair Debt Collection Practices ACT; Cal. Bus. & Prof. Code §§17200, et seq., the Unfair Competition Law (UCL); and, the terms of the SSL Promissory Notes.

16. The Collection Penalties are not reasonable. They at no time represented a good faith attempt to estimate Defendants' likely actual damages arising from a breach. Moreover, they have not been incurred or paid by Defendants as required by the Notes and applicable law. Indeed, Plaintiffs are informed and believe they are assessed largely for the purpose of obtaining leverage in the collection of the Notes.

17. Each named Plaintiff has defaulted under his or her Note. Defendants in fact have incurred little or no actual collection costs in pursuing collection from Plaintiffs, or any of them.

18. Plaintiffs therefore seek, as alleged with greater particularity below, (1) to permanently enjoin Defendants and their agents from collecting, enforcing, and/or threatening to collect or enforce these Collection Penalties; (2) disgorgement and restitution of all monies by which Defendants were unjustly enriched as a result of the Collection Penalties from members of the below-defined Class, or any of member of it; and (3) to recover all such other and further relief, including damages and other amounts to which they may be entitled.

19. The named Plaintiffs herein are class members in other litigation pending in the City and County of San Francisco relating to the validity of these Notes. That litigation could, if prosecuted to a successful conclusion, depending upon the ultimate class definition, and depending upon whether Plaintiffs opt out of the class, void or make voidable Plaintiffs Notes in their entirety as a result of fraud in connection with the purchase of the education that led Plaintiffs to sign those notes. The defendants in that action deny wrongdoing and deny the class's right to the relief sought. Plaintiffs reference but do not re-assert those claims here.

---

[3] The Notes all represent loans that were incurred as part of a transaction resulting in the sale of educational services, thus the CLRA applies.

4
COMPLAINT

**Class Representatives**

20. In September 2004, Plaintiff Angelo Bottoni enrolled in a Baking & Pastry program at the California Culinary Academy ("CCA"). CCA referred Mr. Bottoni to Sallie Mae to obtain loans to cover part of the cost of the program. On or about September 27, 2004, Mr. Bottoni took out a Sallie Mae Signature Student loan in the amount of $26,418.00.

21. As of December 22, 2009, Mr. Bottoni's loan was in default and held by Sallie Mae Inc. Sallie Mae referred Mr. Bottoni's Note to Arrow Financial Services LLC, an SLM Corp. subsidiary, for collection. According to a December 22, 2009 statement Mr. Bottoni received from Arrow Financial Services LLC, he owed a total of $59,761.61, including principal balance of $43,231.55, interest of $4,567.35, collection costs of $11,751.63, and other charges of $211.08.

22. Sallie Mae also referred Mr. Bottoni's loan to Windham Professionals, Inc., a third party debt collector for collection. According to a February 3, 2010 statement Mr. Bottoni received from Windham Professionals, Inc., he owed a total of $60,429.59, including a principal balance of $43,231.55, interest of $5,235.33, collection costs of $11,962.71, and no other charges.

23. In October 2003, Plaintiff Paul Roberts enrolled in the Culinary Arts program at CCA. CCA referred Mr. Roberts to Sallie Mae to obtain loans to cover part of the cost of the program. On or about October 10, 2003, Mr. Roberts took out a Sallie Mae Signature Student loan in the amount of $37,725.00. On or about August 8, 2004, Mr. Roberts took out a second Sallie Mae Signature Student Loan in the amount of $2,800 to cover his living expenses while he completed the program.

24. As of February 2, 2010, Sallie Mae held Mr. Roberts's Note, which was in default, and had referred it to NCO Financial Systems, Inc., a third party debt collector for collection. According to a February 2, 2010 statement Mr. Roberts received from NCO Financial Systems, Inc., he owed a total of $102,791.33, including a principal balance of $72,293.37, interest of $10,808.51, and collection costs of $19,689.45.

Gallo & Associates
1101 5th Avenue, Suite 205
San Rafael, CA 94901

5
COMPLAINT

25. In September 2002, Plaintiff Tracie Serrano enrolled in a Culinary Arts education program at CCA. CCA referred Ms. Serrano to Sallie Mae to obtain loans to cover part of the cost of the program. On or about August 20, 2002, Ms. Serrano took out a Sallie Mae Signature Student loan in the amount of $13,127 to finance part of the cost of a culinary education program. On or about January 7, 2003, Ms. Serrano took out another Sallie Mae Signature Student loan in the amount of $20,000 to cover her living expenses while she completed the program.

26. As of November 5, 2009, Sallie Mae held Ms. Serrano's note, which was in default, and had referred that Note to Windham Professionals, Inc. for collection. According to a November 5, 2009 statement Ms. Serrano received from Windham Professionals, Inc., on the first loan she owed $66,258.52, including principal of $47,652.76, interest of $5,576.42, and collection costs of $13,029.34. On the second loan, she owed $46,341.92, including $33,608.68 principal, $3,549.30 interest, and collection costs of $9,183.94. According to the statement, she owed $112,600.44 for both loans.

**First Cause of Action for**
**Violation of California Civil Code Section 1671**

27. Plaintiffs incorporate each of the preceding paragraphs as though repeated here.

28. The imposition by Defendants and their agents of Collection Penalties violates Civil Code § 1671 (d), or in the alternative Civil Code § 1671 (b).[4] As such, the Collection Penalties are unlawful, void, and unenforceable.

29. Under Civil Code § 1671 (d), a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein on an amount which shall be presumed to be the amount of the damage sustained by a breach thereof

---

[4] Civil Code § 1671 (d) applies "where liquidated damages are sought to be recovered from either (1) A party to a contract for the retail purchase, or rental, by such party of personal property or services, primarily for the party's personal, family, or household purposes; or (2) A party to a lease of real property for use as a dwelling by the party or those dependent upon the party for support." Cal. Civ. § 1671(c). Civil Code § 1671 (b) is otherwise applicable. Id.