1 | GALLO & ASSOCIATES
Ray E. Gallo (State Bar No. 158903)
2 | rgallo@gallo-law.com
Dominic Valerian (State Bar No. 240001)
3 | dvalerian@gallo-law.com
1101 5th Avenue, Suite 205
4 | San Rafael, CA 94901
Phone: (415) 397-1205
5 | Fax: (310) 338-1199

6 | Attorneys for Plaintiffs Angelo Bottoni, Paul
Roberts, Tracie Serrano, and Shawnee Silva, on
7 | behalf of themselves and all others similarly situated.

# THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO BOTTONI; PAUL ROBERTS; TRACIE SERRANO; and SHAWNEE SILVA for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC.; and DOES 1 through 1,000, inclusive,<br><br>Defendants. | Case No. 4:10-cv-03602-LB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF FOR:**<br><br>1. **VIOLATION OF CALIFORNIA CIVIL CODE § 1671;**<br>2. **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT;**<br>3. **VIOLATION OF THE UNFAIR COMPETITION LAW;**<br>4. **BREACH OF CONTRACT;**<br>5. **DECLARATORY RELIEF;**<br>6. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>7. **VIOLATION OF THE CONSUMER CREDIT REPORTING AGENCIES ACT.**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT

Plaintiffs, acting for themselves and for all others similarly situated, allege as follows. The allegations herein that relate to Plaintiffs' personal actions are made based on their personal knowledge. The balance are made on information and belief based on the investigation of counsel.

**Nature of Action**

1. Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Sallie Mae, Inc. and its third party debt collectors in assessing and collecting illegal liquidated damage penalties and/or unreasonable collections charges from its borrowers in connection with its private student loan programs.

**The Parties**

2. Sallie Mae, Inc. ("Sallie Mae" or "Defendant") is a Delaware corporation that maintains its headquarters at 12061 Bluemont Way, Reston, Virginia. Sallie Mae does business throughout the country, including in San Francisco County.

3. The true identities of Does 1 through 1,000, and all of them, are unknown to Plaintiffs. They will amend this complaint to identify them when their identities are ascertained. On information and belief, each of Does 1 through 1,000 is or at relevant times was the partner, general partner, agent, employee, officer, director, controlling shareholder, principal, corporate parent, corporate subsidiary, affiliate, co-conspirator, joint or co-venturer of one or more of the Defendants or the lender, holder, assignor, assignee, and/or collector of a Plaintiff or Class member's student loan and is responsible for the wrongdoing alleged herein by virtue of having authorized, ratified, consented to, perpetrated, participated in, or aided and abetted that wrongdoing.

4. Plaintiff Angelo Bottoni is, and at all times mentioned herein was, an individual citizen of the State of California. He resides in Oakland, California.

5. Plaintiff Paul Roberts is, and at all times mentioned herein was, an individual citizen of the State of California. He resides in Sacramento, California.

6. Plaintiff Tracie Serrano is, and at all times mentioned herein was, an individual citizen of the State of California. She resides in Newark, California.

7. Plaintiff Shawnee Silva is, and at all times mentioned herein was, an individual citizen of the State of California. She resides in Sacramento, California.

**Allegations Common to All Causes of Action**

8. Sallie Mae originates and acquires both federally guaranteed loans, which are administered by the U.S. Department of Education, and private student loans that are not federally guaranteed. Private student loans often fund the shortfall between available federal funds, which have statutory limits on annual and total borrowing, and students' actual costs of education.

9. In recent years, Sallie Mae has offered students and their co-signers various types of private (non-federally guaranteed) student loans (all jointly hereinafter, "Sallie Mae Private Loans") including, amongst others, so-called Signature Student Loans, Smart Option Student Loans, and Career Training Loans.

10. Sallie Mae's sales force marketed Sallie Mae Private Loans to schools, which in turn directed their students to Sallie Mae. Sallie Mae originated the loans itself or, in other cases, relied on its lending partners to originate the loans—which Sallie Mae then purchased after they funded.

11. To obtain a Sallie Mae Private Loan, borrowers were required to sign a Sallie Mae Private Loan Promissory Note (a "Promissory Note" or "Note"). Many of these Notes were co-signed by additional borrowers as co-makers or guarantors. The Promissory Notes are standardized contracts of adhesion that were presented to borrowers on a take it or leave it basis with no opportunity to negotiate their terms.

12. Plaintiffs are informed and believe that each Promissory Note contains the following or a similar provision governing collection costs:

> [Borrower] agree[s] to pay [holder] reasonable amounts permitted by law, including attorneys' fees and court costs, which [holder] incurs in enforcing the terms of this Note, if [borrower is] in default.

13. Plaintiffs are further informed and believe that pursuant to the terms of the Promissory Notes, if the borrower fails to make any monthly payment to the lender when due,

Gallo & Associates
1101 5th Avenue, Suite 205
San Rafael, CA 94901

the loan goes into default and becomes due and payable in full.

14. At some point after a Sallie Mae Private Loan goes into default, Sallie Mae adds to the loan balance a collection charge of 25% of the principal and interest due on the loan (a "Collection Penalty") and refers the loan to a professional debt collector. The debt collector then demands the entire balance on the loan from the borrower, including the 25% Collection Penalty.

15. As set forth in *Bondanza v. Peninsula Hosp. Med. Ctr.*, 23 Cal. 3d 260 (1979), these flat rate Collection Penalties that are imposed by Defendant under the Notes constitute unlawful liquidated damages and violate Cal. Civ. Code § 1671. Defendant's and its agents' assessment, collection, and reporting of these unlawful Collection Penalties also violates the Consumers Legal Remedies Act (the "CLRA"),[1] Cal. Civ. Code § 1750 et seq.; the Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §17200 et seq.; the terms of the Promissory Notes; the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code § 1788 et seq.; and the Consumer Credit Reporting Agencies Act (the "CCRAA"), Cal. Civ. Code § 1785.1 et seq.

16. The Collection Penalties are not reasonable. They at no time represented a good faith attempt to estimate Defendant's likely actual damages arising from a breach of any Note. Moreover, they have not been incurred or paid by Defendant as required by the Notes and applicable law. Indeed, Plaintiffs are informed and believe they are assessed in part for the purpose of obtaining leverage in the collection of the Notes.

17. Plaintiffs therefore seek, as alleged with greater particularity below, (1) to permanently enjoin Defendant and its agents from collecting, enforcing, and/or threatening to collect or enforce these Collection Penalties; (2) disgorgement and restitution of all monies by which Defendant has been unjustly enriched as a result of the Collection Penalties from members of the below-defined Payment Subclass; and (3) to recover all such other and further relief, including damages, penalties, and other amounts to which they may be entitled.

---

[1] The Notes all represent loans that were incurred as part of a transaction resulting in the sale of educational services, thus the CLRA applies.

18. The named Plaintiffs herein are putative class members in other litigation pending in the City and County of San Francisco relating to the validity of these Notes. That litigation could, if prosecuted to a successful conclusion, depending upon the ultimate class definition, and depending upon whether Plaintiffs opt out of the class, void or make voidable Plaintiffs' Notes in their entirety as a result of fraud in connection with the purchase of the education that led Plaintiffs to sign those notes. The defendants in that action deny wrongdoing and deny the class's right to the relief sought. Plaintiffs reference but do not re-assert those claims here.

### Class Representatives

19. In September 2004, Plaintiff Angelo Bottoni enrolled in a Baking & Pastry program at the California Culinary Academy ("CCA"). CCA referred Mr. Bottoni to Sallie Mae to obtain loans to cover part of the cost of the program. On or about September 27, 2004, Mr. Bottoni took out a Sallie Mae Signature Student loan in the amount of $26,418.00.

20. Upon graduating from CCA, Mr. Bottoni was unable to earn enough to repay his Sallie Mae Private Loan and he defaulted on it. As of December 22, 2009, Sallie Mae had referred Mr. Bottoni's Note to Arrow Financial Services LLC, a Sallie Mae affiliate specializing in debt collection, for collection. According to a December 22, 2009 statement Mr. Bottoni received from Arrow Financial Services LLC, he owed a total of $59,761.61, including a principal balance of $43,231.55, interest of $4,567.35, collection costs of $11,751.63, and other charges of $211.08.

21. Sallie Mae also referred Mr. Bottoni's loan to Windham Professionals, Inc., a third party debt collector for collection. According to a February 3, 2010 statement Mr. Bottoni received from Windham Professionals, Inc., he owed a total of $60,429.59, including a principal balance of $43,231.55, interest of $5,235.33, collection costs of $11,962.71, and no other charges.

22. In October 2003, Plaintiff Paul Roberts enrolled in the Culinary Arts program at CCA. CCA referred Mr. Roberts to Sallie Mae to obtain loans to cover part of the cost of the program. On or about October 10, 2003, Mr. Roberts took out a Sallie Mae Signature Student loan in the amount of $37,725.00. On or about August 8, 2004, Mr. Roberts took out a second

Gallo & Associates
1101 5th Avenue, Suite 205
San Rafael, CA 94901

Sallie Mae Signature Student Loan in the amount of $2,800 to cover his living expenses while he completed the program.

23. Upon graduating from CCA, Mr. Roberts was unable to earn enough to repay his Sallie Mae Private Loans and he defaulted on them. As of February 2, 2010, Sallie Mae held Mr. Roberts's Note, which was in default, and had referred it to NCO Financial Systems, Inc., a third party debt collector for collection. According to a February 2, 2010 statement Mr. Roberts received from NCO Financial Systems, Inc., he owed a total of $102,791.33, including a principal balance of $72,293.37, interest of $10,808.51, and collection costs of $19,689.45.

24. In September 2002, Plaintiff Tracie Serrano enrolled in the Culinary Arts program at CCA. CCA referred Ms. Serrano to Sallie Mae to obtain loans to cover part of the cost of the program. On or about August 20, 2002, Ms. Serrano took out a Sallie Mae Signature Student loan in the amount of $13,127 to finance part of the cost of a culinary education program. On or about January 7, 2003, Ms. Serrano took out another Sallie Mae Signature Student loan in the amount of $19,925 to cover her living expenses while she completed the program.

25. Upon graduating from CCA, Ms. Serrano was unable to earn enough to repay her Sallie Mae Private Loans and she defaulted on them. As of November 5, 2009, Sallie Mae had referred Ms. Serrano's Note to Windham Professionals, Inc. for collection. According to a November 5, 2009 statement Ms. Serrano received from Windham Professionals, Inc., she owed $66,258.52 (including principal of $47,652.76, interest of $5,576.42, and collection costs of $13,029.34) on the first loan; and $46,341.92 ($33,608.68 principal, $3,549.30 interest, and $9,183.94 collection costs) on the second loan.

26. In November, 2002, Plaintiff Shawnee Silva, formerly known as Shawnee Morris, enrolled in the Culinary Arts Program at CCA. CCA referred Ms. Silva to Sallie Mae to obtain loans to cover part of the cost of the program. On or about November 22, 2002, Ms. Silva took out a Sallie Mae Signature Student Loan in the amount of $15,857.00. On or about July 15, 2003, Ms. Silva took out a second Sallie Mae Signature Student Loan in the amount of $7,274.00 to cover the remaining cost of the program.

5
FIRST AMENDED COMPLAINT

27. Upon graduating from CCA, Ms. Silva was unable to earn enough to repay her Sallie Mae Private Loans and defaulted on them. Ms. Silva is informed and believes that on or about January 28, 2008, Sallie Mae added a 25% Collection Penalty to her balance and referred her loans to Commonwealth Financial Systems, Inc. ("Commonwealth"), a third party debt collector, for collection.

28. Thereafter, Commonwealth attempted to collect the outstanding balance of Ms. Silva's loans, including the Collection Penalty. Beginning in or about June 2008, and continuing to the present, Commonwealth has been collecting payments from Ms. Silva for both her Sallie Mae Signature Student Loans. A portion of these payments are allocated towards the Collection Penalty Sallie Mae assessed. Ms. Silva is informed and believes that upon receipt of her payments, Commonwealth passes the full amount of each payment, including the portion allocated to the Collection Penalty, to Sallie Mae.

29. Ms. Silva is informed and believes that since June 2008 she has paid Collection Penalties of over $1,000 on each of her two Sallie Mae Private Loans to Sallie Mae.

30. Plaintiffs are informed and believe that Sallie Mae reports the total outstanding balance of each Sallie Mae Private Loan, including any applicable Collection Penalty, to various credit reporting agencies on a monthly basis. As a result, each Plaintiff's Collection Penalties are included in the Sallie Mae Private Loan balance(s) listed on his or her credit report. The inclusion of this information on each Plaintiff's credit report adversely affects that Plaintiff's credit-worthiness, credit history, and credit score.

**First Cause of Action for**
**Violation of California Civil Code Section 1671**

31. Plaintiffs incorporate each of the preceding paragraphs as though repeated here.

32. The imposition by Defendant and its agents of Collection Penalties violates Civil Code § 1671(d), or in the alternative Civil Code § 1671(b).[2] As such, the Collection Penalties

---

[2] Civil Code § 1671(d) applies "where liquidated damages are sought to be recovered from either (1) A party to a contract for the retail purchase, or rental, by such party of personal property or services, primarily for the party's personal, family, or household purposes; or (2) A party to a lease of real property for use as a dwelling by the party or those dependent upon the party for support." Cal. Civ. § 1671(c). Civil Code § 1671(b) is otherwise applicable. *Id.*

6
FIRST AMENDED COMPLAINT

are unlawful, void, and unenforceable.

33. Under Civil Code § 1671(d), a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein on an amount which shall be presumed to be the amount of the damage sustained by a breach thereof when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

34. When Civil Code § 1671(b) applies, a provision in a contract liquidating damages is void where the provision was unreasonable under the circumstances existing at the time the contract was made.

35. Defendant's Collection Penalties are unlawful liquidated damages under either § 1671(d) or (b) because: (a) they were unreasonable under the circumstances existing at the time the contract was made; (b) it would not be impracticable or extremely difficult to fix the actual costs of collection; (c) the amount of the Collection Penalties does not represent the result of a reasonable endeavor by Defendant to estimate a fair compensation for any loss that may be sustained; and (d) the Collection Penalties imposed are designed to substantially exceed the collection costs actually incurred.

36. Plaintiffs and Class members have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

**Second Cause of Action for**
**Violation of The Consumer Legal Remedies Act**
**[Civil Code Section 1750, et seq.]**

37. Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

38. Defendant has engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §1750 et seq., to the detriment of Plaintiffs and all Class members. Plaintiffs and the Class members have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

39. In violation of Civ. Code § 1770(a)(14), Defendant represented that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law by representing that borrowers who defaulted would be assessed only

Gallo & Associates
1101 5th Avenue, Suite 205
San Rafael, CA 94901

reasonable collection costs that were permitted by law and actually incurred. In fact, defaulted borrowers were, at all relevant times and as a standard policy and practice, assessed unreasonable and illegal 25% Collection Penalties regardless of the actual collection costs reasonably incurred.

40. This violation was committed in transactions intended to result or that did result in the sale of educational services to consumers.

41. Defendant's policies and practices with respect to its assessment and collection of Collection Penalties are unlawful, unethical, oppressive, fraudulent, and malicious. The gravity of the harm done by Defendant's practices to consumers far outweighs any purported utility those policies and practices have.

42. Plaintiffs and Class members have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

43. Pursuant to Civil Code § 1782, on or about April 16, 2010, Plaintiffs sent a Notice Letter to Sallie Mae notifying it that its conduct violates the CLRA including, without limitation, Civil Code § 1770(a)(14). In the letter, Plaintiffs demanded, among other things, that Sallie Mae:

- Immediately cease its assessment and collection of Collection Penalties as alleged herein; and
- Make full restitution and disgorgement of all monies wrongfully obtained.

44. Plaintiffs sent said Notice Letter by certified mail, return-receipt requested, to Sallie Mae at its principal places of business and to its registered agent as of the filing of this Complaint.

45. Sallie Mae had failed to provide a substantive response to Plaintiffs' demands in the April 16, 2010 letter within 30 days. Plaintiffs are informed and believe that Sallie Mae took no remedial action in response to the letter. Accordingly, Plaintiffs seek damages and all other remedies allowed under the CLRA.

**Third Cause of Action for
Violation of the Unfair Competition Law
[Business and Professions Code Section 17200 et seq.]**

46. Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

47. Defendant's continuing imposition of unlawful and unenforceable Collection Penalties constitutes an unfair business practice in violation of Cal. Bus. & Prof. Code § 17200 et seq. Plaintiffs and Class members have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

48. Defendant's practices with respect to Collection Penalties violate the unlawful prong of the UCL because they violate (as set forth above) (a) Cal. Civil Code § 1671; (b) the CLRA.; (c) the terms of the Notes; (and, as set forth below) (d) the Rosenthal Act; and (e) the CCRAA.

49. Defendant's practices with respect to Collection Penalties violate the unfairness prong of the UCL because (a) such charges constitute unfair and wrongful penalties inconsistent with the language and policy of Cal. Civil Code § 1671; (b) such charges were assessed pursuant to adhesion contracts; (c) the practice is oppressive, unscrupulous, or substantially injurious to consumers; and (d) the utility of the Collections Penalties is significantly outweighed by the gravity of the harm they impose on Plaintiffs and Class members.

50. Defendant's practices with respect to Collection Penalties violate the fraudulent prong of the UCL because Defendant represented that defaulting borrowers would be assessed reasonable collection costs permitted by law, when in fact defaulting borrowers were assessed unreasonable and illegal Collection Penalties.

**Fourth Cause of Action for
Breach of Contract**

51. Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

52. Plaintiffs are informed and believe that Sallie Mae is the holder of the Notes signed by the named Plaintiffs herein, and that it accordingly is entitled to enforce those Notes. Plaintiffs further are informed and believe that Sallie Mae has charged, sought to collect, and/or collected the Collection Penalties at issue in this action from the named Plaintiffs.

53. Pursuant to the terms of the Notes, each borrower agreed to pay reasonable collections costs that are permitted by law and were actually incurred.

54. In addition, all applicable laws in existence when an agreement is made, which laws the parties are presumed to know and to have had in mind, necessarily enter into the contract and form a part of it, without any stipulation to that effect, as if they were expressly referred to and incorporated. Accordingly, the Notes required that any collection costs charged by Sallie Mae comport with applicable law.

55. Defendant breached these contract provisions by assessing and/or collecting collection costs that were unlawful and not actually incurred against Plaintiffs and Class members. Plaintiffs and each Class member have been damaged by Defendant's breaches in amounts to be proved at trial.

**Fifth Cause of Action for
Declaratory Relief**

56. Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

57. A present and actual controversy, arising from Defendant's and it agents' assessment, collection, and attempted collection of the Collection Penalties, exists between Defendant and the Class.

58. A judicial declaration pursuant to Cal. Code Civ. Proc. § 1060 is necessary and appropriate at this time so that the parties' rights and obligations under the SSL Promissory Notes may be determined with certainty.

59. Plaintiffs ask that this Court declare all Collection Penalties assessed against members of the Class by Defendant and its agents to be unenforceable, void, and unlawful.

**Sixth Cause of Action for
Violation of the Rosenthal Act
[Civil Code Section 1788 et seq.]**

60. Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

61. Each Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

62. Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) in that Defendant regularly, on behalf of itself or others, engages in debt collection.

63. Defendant violated Cal. Civ. Code § 1788.13(e) by falsely representing that consumer debts would be increased by the addition of the Collection Penalties when in fact those amounts could not legally be added to the debtor's existing obligation under the circumstances existing when Defendant made these representations.

64. Defendant violated Cal. Civ. Code. § 1788.14(b) by collecting or attempting to collect a debt collector's fee or charge that was not permitted by law.

65. In addition, Cal. Civ. Code § 1788.17(b) provides that a violation of the Rosenthal Act occurs if a debt collector violates 15 U.S.C. §§ 1692b-1692j. Accordingly, Defendant violated the Rosenthal Act as follows:

    a. Defendant falsely represented the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A).

    b. Defendant falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B).

    c. Defendant communicated and threatened to communicate credit information, which was known or should have been known to be false, to Plaintiffs and consumer reporting agencies in violation of 15 U.S.C. § 1692e(8).

    d. Defendant used false representations or deceptive means to collect or attempt to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

    e. Defendant collected or attempted to collect amounts that were not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

**Seventh Cause of Action for**
**Violation of the Consumer Credit Reporting Agencies Act**
**[Civil Code Section 1785.1 et seq.]**

66. Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

67. Cal Civ. Code § 1785.25 prohibits any person from furnishing to a credit

reporting bureau information that such person knows or should know is incomplete or inaccurate.

68. Defendant has willfully and intentionally violated Cal. Civ. Code § 1785.25 by informing various credit reporting agencies that Plaintiffs and each of them owe the Collection Penalties even though Defendant knew or should have known at all relevant times that these charges were and are void, illegal, and unenforceable.

69. As a result of the foregoing violations, Plaintiffs have incurred damages, including, without limitation, damaged credit, court costs, and attorney's fees.

**Class Action Allegations**

70. Plaintiffs bring this lawsuit on behalf of themselves and on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

71. This Complaint is brought on behalf of the following class (the "Class"):

> All persons in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification were assessed a Collection Penalty in connection with a Sallie Mae Private Loan

72. Plaintiff Silva seeks certification of the following subclass (the "Payment Subclass"):

> All persons in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, paid a Collection Penalty, or a portion thereof, in connection with a Sallie Mae Private Loan

73. Plaintiffs reserve the right to modify or amend the definition of the proposed class and/or subclass before the Court determines whether certification is appropriate.

74. Excluded from the Class are Sallie Mae, its parents, subsidiaries, affiliates, officers and directors, any entity in which Sallie Mae has a controlling interest, all borrowers who make a timely election to be excluded, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

75. The members of the Class and Payment Subclass are so numerous that joinder is impractical. On information and belief, each consists of thousands of members, the identity of whom is within the knowledge of Sallie Mae and can be ascertained from Sallie Mae's records.

76. Plaintiffs' claims are typical of the claims of the Class, each having been assessed a Collection Penalty by Defendant. Plaintiffs and all members of the Class have similarly suffered injury arising from Defendant's herein alleged violations of the law.

77. Plaintiff Silva's claims are typical of the claims of the Payment Subclass, having paid a Collection Penalty, or a portion thereof. Plaintiff Silva and all members of the Payment Subclass have similarly suffered injury arising from Defendant's herein alleged violations of the law.

78. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable and the likelihood of individual Class members prosecuting separate claims is remote. Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the Class as a whole is appropriate. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

79. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the Class, and Plaintiffs can fairly and adequately represent the interests of the Class.

80. The attorneys for Plaintiffs are experienced and capable in the field of class action consumer protection litigation. They have successfully prosecuted claims in other, similar litigation.

81. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether the Collection Penalties are an unlawful penalty in violation of Cal. Civ. Code § 1671(b) or (d).

Gallo & Associates
1101 5th Avenue, Suite 205
San Rafael, CA 94901

    b. whether the assessment and/or collection of the Collection Penalties violates the CLRA;

    c. whether the assessment and/or collection of the Collection Penalties violates the terms of the Notes;

    d. whether the assessment and/or collection of the Collection Penalties is unlawful, unfair, and/or fraudulent in violation of the UCL;

    e. whether the assessment, collection, and/or reporting of the Collection Penalties violates the Rosenthal Act;

    f. whether the reporting of the Collection Penalties violates the CCRAA.

    g. whether Plaintiff Silva and the Payment Subclass members are entitled to disgorgement of all Collection Penalties Defendant and its agents have collected;

    h. whether Plaintiffs and Class members are entitled to recover compensatory and punitive damages and/or statutory penalties as a result of Defendant's assessment, collection, and reporting of Collection Penalties;

    i. whether Plaintiffs and Class members are entitled to an award of reasonable attorney's fees, pre-judgment interest, and costs of this suit; and

    j. whether Defendant and its agents should be enjoined from assessing, collecting, and reporting Collection Penalties.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs, individually and on behalf of the Class pray for judgment as follows**:**

FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE § 1671:

1. For damages according to proof;
2. For an order enjoining Defendant and its agents from engaging in the methods, acts, or practices alleged herein;
3. For restitution of all monies wrongfully obtained;
4. For disgorgement of all ill-gotten revenues and/or profits; and

5. For attorney's fees and costs pursuant to statute including, without limitation, Cal. Civ. Code § 1717(a).

SECOND CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §1750 et seq.:

1. For damages according to proof;
2. For an order enjoining Defendant and its agents from engaging in the unlawful methods, acts, or practices alleged herein;
3. For restitution of all monies wrongfully obtained;
4. For disgorgement of wrongfully obtained profits;
5. For punitive damages; and
6. For attorney's fees and expenses pursuant to statute including, without limitation, Cal. Civ. Code § 1780(d).

THIRD CAUSE OF ACTION FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 et seq.:

1. For an order enjoining Defendant and its agents from engaging in the unlawful, unfair and fraudulent methods, acts, or practices alleged herein;
2. For restitution of all monies wrongfully obtained (on behalf of Plaintiff Silva and the Payment Subclass only); and
3. For attorney's fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5, and the common law private attorney general doctrine.

FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT:

1. For damages according to proof;
2. For restitution of all monies wrongfully obtained; and
3. For attorney's fees pursuant to statute including, without limitation, Cal. Civ. Code § 1717(a).

FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF:

1. For a declaration that all Collection Penalties for all Class members are void and not due or payable; and

2. For attorney's fees pursuant to statute including, without limitation, Cal. Civil Code § 1717(a).

SIXTH CAUSE OF ACTION FOR VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT:

1. For damages according to proof;
2. For statutory penalties of at least $100 and up to $1,000 for each Class member;
3. For attorney's fees and costs pursuant to statute including, without limitation, Cal. Civ. Code § 1788.30(c).

SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE CONSUMER CREDIT REPORTING ACT:

1. For damages according to proof, including, but not limited to, court costs, loss of wages, and attorney's fees;
2. For punitive damages of not less than $100 nor more than $5,000 for each violation as the court deems proper;
3. For an order enjoining Defendant and its agents from the unlawful practices alleged herein; and
4. For attorney's fees and court costs pursuant to statute including, without limitation, Cal. Civil Code § 1785.31(e).

ON ALL CAUSES OF ACTION:

1. For attorney's fees and expenses pursuant to all applicable laws including without limitation, Code of Civil Procedure §1021.5, and the common law private attorney general doctrine;
2. For costs of suit;
3. For both pre- and post-judgment interest on any amounts awarded; and
4. For such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

DATED: October 18, 2010      GALLO & ASSOCIATES

By: <u>/s/ Dominic Valerian</u>
        Ray E. Gallo
        Dominic Valerian
Attorneys for Plaintiffs ANGELO BOTTONI, PAUL ROBERTS, TRACIE SERRANO, and SHAWNEE SILVA, for themselves and all others similarly situated

Gallo & Associates
1101 5th Avenue, Suite 205
San Rafael, CA 94901

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all causes of action so triable.

**Respectfully submitted,**

DATED: October 18, 2010      GALLO & ASSOCIATES

By: /s/ Dominic Valerian
    Ray E. Gallo
    Dominic Valerian
Attorneys for Plaintiffs ANGELO BOTTONI, PAUL ROBERTS, TRACIE SERRANO, and SHAWNEE SILVA, for themselves and all others similarly situated