UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

ANGELO BOTTONI, *et al.*,

Plaintiffs,

v.

SALLIE MAE, INC., *et al.*,

Defendants.

_______________________________________/

No. C 10-03602 LB

**ORDER RE MOTION TO DISMISS**

**[ECF No. 28]**

## I. INTRODUCTION

The plaintiffs in this putative diversity class action are former students at the California Culinary Academy who took out private (not federally-guaranteed) student loans from defendant Sallie Mae, Inc. and thereafter defaulted on the loans. First Amended Complaint, ECF No. 19 at 3, 5-7, ¶¶ 8-10, 19-29.[1] After the default, according to Plaintiffs, Sallie Mae assessed collection charges of 25 percent of the principal and interest due (regardless of the actual collection costs incurred) and referred the loans to debt collectors. *Id.* at 4-7, ¶¶ 14, 19-29.

The case was filed in state court, Sallie Mae removed it to federal court on August 16, 2010, and Plaintiffs filed their first amended complaint on August 18, 2010. Notice of Removal, ECF No. 1 at 2; First Amended Complaint, ECF No. 19. In the complaint, Plaintiffs allege seven claims based on the collection fees and debt collection practices: (1) a violation of California Civil Code § 1671,

---

[1] Citations are to the docket numbers in the Electronic Case File (ECF) with pin cites to the electronically-stamped pages at the top of the document (as opposed to numbers at the bottom).

which prohibits unreasonable liquidated damages provisions in contracts; (2) a violation of the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750 *et seq.*, which prohibits unfair practices resulting in the sale of goods or services to a consumer; (3) a violation of California Business & Professions Code § 17200 *et seq.*, known as the Unfair Competition Law, which prohibits unfair or unlawful conduct; (4) a breach of the promissory note's express terms, which allow only the collection of reasonable and actually-incurred costs; (5) a cause of action for declaratory relief based on the assessment, collection, and attempted collection of the collection fees; (6) a violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*, which prohibits the collection of unlawful fees and unlawful debt collection practices; and (7) a violation of the Consumer Credit Reporting Agencies Act, California Civil Code § 1785.1 *et seq.*, which prohibits the furnishing of incomplete or inaccurate information to a credit reporting bureau. First Amended Complaint, ECF No. 19 at 7-15.

Sallie Mae moves to dismiss all claims on the grounds that (A) Plaintiffs lack standing because they never alleged injury, and (B) Plaintiffs did not state claims for relief under Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss, ECF No. 28 at 8.

The court finds standing as to all claims, in part because the complaint sufficiently alleged that plaintiff Silva paid collection penalties on each of her two loans and that the collection costs were unreasonable. *See* First Amended Complaint, ECF 19 at 7, ¶¶ 27-30. The court also finds that Plaintiffs sufficiently alleged injury-in-fact based on the attempts to collect the fees and the alleged collection practices. *Id.* at 4-7, ¶¶ 14, 19-29. As to the section 17200 claim, the allegations about Silva establish standing. *Id.* at 7, ¶¶ 27-30.

Claim one – alleging that the 25 percent collection costs operate as unlawful liquidated damages under California Civil Code § 1671(b) – states a claim for relief. The court dismisses the claim under section 1671(d) but gives Plaintiffs leave to amend to allege fact showing the student loans also operate as "services." The court dismisses claim two, the CLRA claim, also with leave to amend to show facts about how the student loans operate.

Claim three – the unfair competition law claim – states a claim because Plaintiffs properly pleaded predicate claims (claims one, four, and seven) to support a section 17200 claim.

Claim four – the breach of contract claim – states a claim for relief because a contractual obligation providing for reasonable costs in collecting a defaulted loan is an independent contractual obligation that binds both parties.

Claim five seeks declaratory judgment that the collection penalties are void. Because Plaintiffs state claims for violations of section 1671(b) (claim one) and the terms of the note (claim four), they state a claim.

The court dismisses claim six (the Rosenthal Act claim) with leave to amend to plead facts about the agency relationship between Sallie Mae and third-party debt collectors sufficient to allege debt collector liability for Sallie Mae.

Claim seven states a claim for a violation of the CCRAA based on Sallie Mae's alleged reporting to credit reporting agencies of the 25 percent collection penalties.

## II. FACTS

The complaint contains four putative class representatives who obtained private (non-federally funded) student loans through Sallie Mae's Signature Student Loan program between September 2002 and September 2004 to pay for the costs of programs at the California Culinary Academy. First Amended Complaint, ECF No. 19 at 5-6, ¶¶ 19, 22, 24 and 26.[2] Private loans often fund the shortfall between available federally-guaranteed loans, which have borrowing limits, and the students' actual costs of education. *Id.* at 3, ¶ 8. The promissory notes for the plaintiffs' loans contain the following or a similar provision about collection costs:

> [Borrower] agree[s] to pay [holder] reasonable amounts permitted by law, including attorneys' fees and court costs, which [holder] incurs in enforcing the terms of this Note, if [borrower is] in default.

*Id.* at 3, ¶ 12. Plaintiffs defaulted on their loans. *Id.* at 5-7, ¶ 20, 23, 25 and 27.

Thereafter, Plaintiffs contend, Sallie Mae added to the loan balance for each loan a collection charge of 25 percent of the outstanding principal and interest (regardless of the actual collection costs incurred) and then referred the loans to third-party debt collectors for collection. *Id.* at 4, ¶ 14. The debt collectors then tried to collect the principals, interest, and 25 percent collection costs from

---

[2] Sallie Mae offers different private student loans, but the four plaintiffs here all had Signature Student Loans. ECF No. 19 at 3, 5-6, ¶¶ 9, 19, 22, 24, 26.

UNITED STATES DISTRICT COURT
For the Northern District of California

all four plaintiffs. *Id.* at 5-7, ¶¶ 19-30. Plaintiffs allege that the collection costs were unreasonable because they were not a good-faith attempt to estimate actual damages and were assessed in part as leverage in the collection of the defaulted loans. *See id.* at 4, ¶ 16. Plaintiffs also allege the following: (A) the costs were unreasonable under the circumstances existing at the time of the contract; (B) it would not be impracticable or extremely difficult to fix the actual costs of collection; (C) the amount of the penalties does not represent the result of a reasonable endeavor by Sallie Mae to estimate a fair compensation for any loss that may be sustained; and (D) the penalties are designed to exceed the collection costs actually incurred. *See id.* at 8, ¶ 35.

For three of the four plaintiffs, the complaint alleges that each received statements from a third-party debt collector reflecting the principals, interests, and costs reflected in the following chart:

| **Plaintiff** | **Latest Statement Date** | **Principal** | **Interest** | **Costs** | **Total** |
|---|---|---|---|---|---|
| Bottoni | 2/3/10 | $43,231.55 | $5,235.33 | $11,962.71 | $60,429.59 |
| Roberts | 2/2/10 (2 loans) | $72,293.37 | $10,808.51 | $19,689.45 | $102,791.33 |
| Serrano | 11/5/09 - loan 1 | $47,652.76 | $5,576.42 | $13,029.34 | $66,258.52 |
| Serrano | 11/5/09 - loan 2 | $33,608.68 | $3,549.30 | $9,183.94 | $46,341.92 |

*Id.* at 5-6, ¶¶ 21-23, 25. As to the fourth plaintiff, Silva, she had two loans: $15,857 in November 2002 and $7,274 in July 2003. *Id.* at 6, ¶ 26. On or about January 28, 2008, Sallie Mae added the 25 percent collection penalty to her balance and referred her loans to a third-party debt collector, who has been collecting payments from Silva (and allocating them to costs) since June 2008. *Id.* at 7, ¶¶ 27-28. Silva paid collection costs of at least $1,000 on each of her two loans. *Id.* at 7, ¶ 29.

Plaintiffs also allege that Sallie Mae reports the total outstanding balance of each private loan, including any applicable collection penalty, to various credit reporting agencies on a monthly basis. *Id.* at 7, ¶ 30. That means that each plaintiff's collection penalties are included in the private loan balance on the credit report, which adversely affects each plaintiff's credit-worthiness, credit history, and credit score. *Id.*

## III. ANALYSIS

In its motion to dismiss, Sallie Mae argues that Plaintiffs did not establish standing because they

UNITED STATES DISTRICT COURT
For the Northern District of California

did not allege injury: three of the four plaintiffs did not allege that they paid any collection costs, and the fourth plaintiff did not allege that she paid more than the reasonable collection costs. Motion to Dismiss, ECF No. 28 at 10-11; Defendants' Reply, ECF No. 33 at 6-7 (reiterating same general standing arguments and arguing only that plaintiffs had not alleged any injury as to claims one through five). The court holds that Plaintiffs sufficiently alleged standing for all claims.

Sallie Mae argues that all claims as pled do not establish a claim for relief under state law. For the reasons stated below, the court dismisses claim one (based on the section 1671(d) theory), claim two (the CLRA claim), claim three (on the CLRA and Rosenthal Act predicate theories), and claim six (the Rosenthal Act claim) with leave to amend. Claims one (on the section 1671(b) theory), three (with predicate claims one, four, and seven), four, five, and seven are live claims.

Because the court must analyze standing and the sufficiency of the claims claim by claim, the court first sets out the general legal standards and then analyzes each claim.

## A. <u>Legal Standards</u>

### 1. Standing

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when the court lacks subject-matter jurisdiction over the claim. Standing is jurisdictional, cannot be waived, and is properly addressed under Rule 12(b)(1). *See United States v. Hays*, 515 U.S. 737, 742 (1995); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The party asserting the claim has the burden of establishing standing. *See Colwell v. Dept. of Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). When ruling on a motion to dismiss for lack of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Graham v. FEMA*, 149 F.3d 997, 1001 (9th Cir. 1998) (*quoting Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

The doctrine of standing encompasses constitutional requirements and prudential considerations. *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982); *Sahni v. American Diversified Partners*, 83 F.3d 1054, 1057 (9th Cir. 1996).

From a constitutional perspective, Article III's case-or-controversy requirement requires the following for each claim: (1) the party invoking federal jurisdiction must have suffered some actual

UNITED STATES DISTRICT COURT
For the Northern District of California

or threatened injury; (2) the injury must be fairly traceable to the challenged conduct; and (3) a favorable decision would likely redress or prevent the injury. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC)*, 528 U.S. 167, 180-81, 185 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Valley Forge Christian College*, 454 U.S. at 472; *Sahni*, 83 F.3d at 1057. "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *See Bates v. United Parcel Serv.*, 511 F.3d 974, 985 (9th Cir. 2007).

The prudential limitations on federal court jurisdiction require the following: (1) a party must assert his own legal rights and interests, not those of others; (2) courts will not adjudicate "generalized grievances;" and (3) a party's claims must fall within the zone of interests that is protected or regulated by the statute or constitutional guarantee in question. *See Valley Forge Christ. College*, 454 U.S. at 474-75*; Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122 (9th Cir. 2009).

**2. Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the plaintiff is entitled to relief . . . [to] give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89,

93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

In reviewing a motion to dismiss, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). Additionally, courts may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B. <u>Analysis of Individual Claims</u>**

Plaintiffs allege the following seven claims based on the 25 percent collection fee and the referrals to the debt collectors: (1) a violation of California Civil Code § 1671 for unreasonable liquidated damages; (2) a violation of the Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*, for unfair practices in the sale of goods or services to a consumer; (3) a violation of California Business & Professions Code § 17200 *et seq.* for unfair or unlawful conduct; (4) a violation of the promissory note's express terms because the fees are unreasonable and do not reflect actual collection costs; (5) a claim for declaratory relief based on the assessment, collection, and attempted collection of the collection fees; (6) a violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*, because the fees and debt collection practices are unlawful; and (7) a violation of the Consumer Credit Reporting Agencies Act, California Civil Code § 1785.1 *et seq*., based on furnishing information to the credit reporting bureaus. First Amended Complaint, ECF No. 19 at 7-15.

**1. Claim One: Liquidated Damages Under California Civil Code § 1671**

Plaintiffs claim that the 25 percent collection costs, which were imposed regardless of the actual collection costs incurred, operate as unlawful liquidated damages under California Civil Code § 1671(d), which governs liquidated damages provisions in contracts for the retail purchase of personal property or services primarily for personal, family, or household purposes. *See* Cal. Civil Code § 1671(c) & (d); First Amended Complaint, ECF No. 19 at 7-8, ¶¶ 31-36. Alternatively,

Plaintiffs allege that if section 1671(d) does not apply, then the liquidated damages are unlawful under section 1671(b), which governs liquidated damages provisions in all other contracts. *See* Cal. Civil Code § 1671(b); First Amended Complaint, ECF No. 19 at 7-8, ¶¶ 31-36. The choice about which one applies matters because section 1671(b) provides that a liquidated damages clause is *valid* unless the person trying to invalidate it shows it is unreasonable, while section 1671(d) provides that a liquidated damages clause in certain consumer contracts is *void* except in cases where it is impracticable to fix actual damages.

***a. Standing***

The alleged harm for this claim here is the collection costs assessed. Sallie Mae asserts that because three of four plaintiffs have not alleged that they made payments of the collection costs, they did not allege injury, and thus they did not establish standing. Motion to Dismiss, ECF No. 28 at 10. The fourth defendant (Silva) alleged that she made payments but did not show injury because she did not allege that her payments exceeded reasonable collection costs. *Id.* at 10-11; *see* First Amended Complaint, ECF No. 19 at 3, ¶ 12 (promissory note provided that defaulting borrower would pay "reasonable amounts permitted by law," including fees and costs incurred by the note's holder in collecting the defaulted debt).

Plaintiffs allege that 25 percent collection costs were imposed against all four plaintiffs, that the collection costs were unreasonable because they were not a good-faith attempt to estimate actual damages and were assessed in part as leverage in the collection of the defaulted loans, and that collection agents tried to collect the fees from all four plaintiffs. *See* First Amended Complaint, ECF No. 19 at 5-7, ¶¶ 16, 19-30. As to plaintiff Silva, the complaint alleges she paid collection penalties of over $1,000 on each of her two private loans. *See id.* at 7, ¶¶ 27-30. At minimum, these allegations sufficiently establish standing for Silva, and the court rejects Sallie Mae's argument that Silva has to allege more specifically that the costs were unreasonable. Also, if Silva has standing, that can convey standing on other class members in a class action. *See Bates*, 511 F.3d at 985.

Moreover, plaintiffs argue that the attempts to collect the 25 percent collection penalties – including the debt collection notices – are sufficient to confer standing. Opposition, ECF No. 30 at 8 (citing *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1087 (N.D. Cal. 2004) (analyzing Fair Debt

Collection Practices Act claim), *reconsideration granted on other grounds*, 419 F. Supp. 2d 1151 (N.D. Cal. 2005) (dismissing other claim)); *see also Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777, 780 (9th Cir. 1982) (Fair Debt Collection Practices Act protects consumers victimized by unscrupulous debt collectors, regardless of whether a valid debt exists). Similarly, an attempt to collect the 25 percent collection fee/liquidated damage is a threatened injury (if not an actual one). *See Valley Forge Christian College*, 454 U.S. at 472; *Sullivan v. Washington Mut. Bank*, No. C 09 2161 EMC, 2009 WL 3458300, *4 (N.D. Cal. Oct. 23, 2009) (improper imposition of finance charges conveys standing). In sum, there is an actual controversy between the parties involving Sallie Mae's alleged demand of collection costs that Plaintiffs dispute as illegal.

Accepting the material allegations in the complaint as true, and construing the complaint in favor of plaintiffs, plaintiffs have pleaded standing sufficiently. *See Graham*, 149 F.3d at 1001. Sallie Mae has cited no cases or made no arguments that allow the court to draw a contrary conclusion.

***b. Sufficiency of Claim Under Rule 12(b)(6)***

The alleged liquidated damages provision at issue here is this section in the promissory note about collection costs:

> [Borrower] agree[s] to pay [holder] reasonable amounts permitted by law, including attorneys' fees and court costs, which [holder] incurs in enforcing the terms of this Note, if [borrower is] in default.

First Amended Complaint, ECF No. 19 at 3, ¶ 12. The basis for claim one is that the promissory note allows collection only of reasonable costs actually incurred in collecting a defaulted loan, and the 25 percent fees here operate as a liquidated damages clause. *Id.* at 4, ¶ 15.

Contractual liquidated damages provisions can be challenged in two ways under California Civil Code section 1671: under section 1671(b) (which governs contracts generally) and under section 1671(d) (which applies to certain consumer contracts defined in section 1671(c)). Section 1671(b) – which applies to all contracts except certain consumer contracts specified in section 1671(c) – provides that a liquidated damages provision is *valid* unless the person seeking to invalidate it shows that it was "unreasonable under the circumstances existing at the time the contract was made." Cal. Civ. Code § 1671(b). By contrast, a liquidated damage provision in a section 1671(c) consumer contract is *void* "except that the parties to such a contract may agree therein upon an amount which

shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damages." *Id.* § 1671(d). More plainly, a liquidated damages provision in a retail purchase contract is void except in cases where – based on the nature of the case – it is impracticable or extremely difficult to determine the actual damage.

Sallie Mae does not challenge the sufficiency of the claim under section 1671(b) and instead argues only that the claim as pled under section 1671(d) does not satisfy Rule 12(b)(6). Motion to Dismiss, ECF No. 28 at 11; 2/3/11 Motions Hearing (Sallie Mae confirmed this). More specifically, Sallie Mae asserts that the loans here are not qualifying section 1671(c) consumer contracts that are subject to section 1671(d)'s special provisions about liquidated damages but instead are contracts subject only to section 1671(b). Motion to Dismiss, ECF No. 28 at 11-12. The court holds that Plaintiffs sufficiently pled a claim under section 1671(b) and dismisses with leave to amend to plead facts establishing a section 1671(d) claim.

To evaluate the sufficiency of claim one under Rule 12(b)(6), the court examines whether the complaint sufficiently pleads the following: (i) whether the 25 percent costs operate as a liquidated damages provision in a contract; (ii) whether the loan contracts are 1671(b) contracts or instead are 1671(c) consumer contracts that are subject to the more consumer-friendly protections of section 1671(d); and (iii) whether the costs are unreasonable (if section 1671(b) applies) or not impracticable or extremely difficult to fix (if section 1671(d) applies).

*i. Whether there is a liquidated damages provision*

The initial inquiry is whether the 25 percent collection costs here (in the context of the promissory note's provisions for "reasonable amounts permitted by law" for collection costs) operate as a liquidated damages clause such that California Civil Code § 1671 applies. California courts define liquidated damages as "an amount of compensation to be paid in the event of a breach of contract, the sum of which is fixed and certain by agreement." *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1002 (9th Cir. 2002); *Ruwe v. Cellco Partnership*, 613 F. Supp. 2d 1191, 1196 (N.D. Cal. 2009) (contractual provision must "arise from a breach" and "provide a fixed and certain sum").

Sallie Mae does not argue that the 25 percent collection fee does not operate as a liquidated

damages provision, and the parties do not address it their briefs. In alleging that the 25 percent penalty is an unlawful liquidated damages, the complaint cites *Bondanza v. Peninsula Hospital & Medical Center*, 23 Cal. 3d 260 (1979). *See* ECF No. 19 at 4, ¶ 15. *Bondanza* addressed a hospital's assignment of a patient's account to a collection agency for collection, and the agency's assessment against the patient of one-third of the assigned balance based on the patient's promise to the hospital to pay a "reasonable . . . collection expense." 23 Cal. 3d at 263. The *Bondanza* court analyzed the contract under sections 1671(c) and (d) and found that the hospital's acts were an attempt to collect liquidated damages. *Id.* at 265 n.6, 268

On its face, the complaint conveys Plaintiffs' theory about what the liquidated damages provision is. Sallie Mae confirmed at the hearing that it was not challenging whether the 25 percent fee operated as a liquidated damages provision.

*ii. Whether the loan contracts are 1671(b) contracts or 1671(c) consumer contracts*

The issue here is whether the student loan contracts are section 1671(c) consumer contracts, which would mean the liquidated damages provisions would be evaluated under section 1671(d). A contract is a qualifying consumer contract under section 1671(c) if a plaintiff is a party to "a contract for the retail purchase . . . by such party of personal property or services, primarily for the party's personal, family, or household purposes." Cal. Civil Code § 1671(c)(1).

Sallie Mae does not dispute that the loans (in the form of promissory notes) are contracts or that they are for plaintiffs' personal purposes or that they are "retail purchase contracts." Instead, it argues only that the student loans are not "personal property or services." *See* Motion to Dismiss, ECF No. 28 at 11 (addresses only argument that the student loans are not "services"); Reply, ECF No. 33 at 8 (also, loans are not personal property). Plaintiffs respond that the loans are personal property and services. *See* Opposition, ECF No. 30 at 11-12.

*i. Whether the loans are "services"*

As to whether the loans are services, the main case identified by the parties is *Hitz v. First Interstate Bank*, 38 Cal. App. 4th 274 (1995). In *Hitz*, the court held that credit card agreements were "consumer contracts" for "personal services" under section 1671(c) and, as a result, evaluated late fees and over-credit-limit fees as liquidated damages under section 1671(d). *Id.* at 278, 286.

The bank issuing the credit cards in *Hitz* argued that the credit card agreements at issue were contracts for the extension of credit, not contracts for services. *Id.* at 286. The bank relied on legislative history showing that the legislature deleted "purchasers of credit" from the original proposed definition of "consumer." *Id.* & n.7 (contrasting this with the definition of "consumer" in the Consumer Affairs Act, Business and Professions Code § 302(c), which includes purchasers of credit). The court held, however, that the credit card agreement was a consumer contract for services because it encompassed convenience services (like not having to pay by cash or check). *Id.* at 286-87 (many customers pay off their balances in full each month and incur no charges; some consumers pay a flat annual fee for the convenience service and pay finance charges for any credit used). Because the convenience services rendered the credit agreements "consumer contracts for services" under section 1671(c), the court said it did not need to decide whether extending credit by itself is a consumer contract for a service under section 1671(c)). *Id.* at 286.

Sallie Mae argues that unlike *Hitz*, which involved services in addition to merely extending credit, the loans here are only extensions of credit. *See* Reply, ECF No. 33 at 8. It also argues that "the extension of credit . . . is not a service . . . for the same reasons that . . . 'service' under the Consumer Legal Remedies Act . . .[does not] include the extension of credit as discussed herein below." ECF No. 28 at 12 (string-citing cases). The Consumer Legal Remedies Act (CLRA) prohibits unfair practices resulting in the sale of "goods" or "services" to a consumer. *See* Cal. Civil Code §1770(a)(14)**.** It defines "goods" as "tangible chattels bought . . . for use primarily for personal, family, or household purposes." *See id.* § 1761(a). It defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." *See id.* § 1761(b). That protection for consumer purchases – Sallie Mae apparently is arguing – is like section 1671(c) and (d)'s protective rule for liquidated damages clauses in consumer contracts for retail purchases of "personal property" or "services" that are "primarily for the party's personal, family, or household purposes."

In support of its argument that the loans here are not "services," Sallie Mae cites *Berry v. American Express Publishing, Inc.*, 147 Cal. App. 4th 224( (2007), which is a CLRA case. Opposition, ECF No. 28 at 13. The case involved a cardholder's attempt to enjoin an arbitration

clause under his credit card agreement with American Express. *Berry*, 147 Cal. App. 4th at 226. Relying on legislative history that showed that "money" and "credit" were covered in a draft statute and then omitted, the court held that extensions of credit alone – such as issuing a credit card – were not covered by the Consumer Legal Remedies Act. *Id.* at 230-34. In another case, credit card holders challenged late fees and over-limit fees. *Van Slyke v. Capital One Bank*, 503 F. Supp.2d 1353, 1358-59 (N.D. Cal. 2007). Applying *Berry*, the district court held that extending credit is not the sale of goods or services under the Consumer Legal Remedies Act, unless the seller of the goods and services is the one extending credit. *See id.* (collecting cases).

Plaintiffs agree that the CLRA's legislative history establishes that the legislature intended to exclude extensions of credit unrelated to the sale of goods from CLRA, but they argue that the legislature had no such intent when it enacted section 1671. Opposition, ECF No. 30 at 13-16 (citing legislative history). They also argue that student loans plainly are services, even without reference to legislative history. *Id.* at 13. Finally, as a fall-back, they also point to service components provided by Sallie Mae: collecting and processing payments, calculating and reporting account balances, and customer assistance in the form of a website and call center for borrowers to access loan information and make payments. *Id.* at 16.

Turning first to the argument that CLRA really is not relevant and the student loans plainly are services, the CLRA's legislative history excluding extensions of credit does make that statute different than section 1671. But *Hitz* still suggests that extensions of credit – without more – are not services under section 1671(c). *See* 38 Cal. App. 4th at 286-87. Plaintiffs pled no facts suggesting that the extension of credit in the form of a student loan is any different than the extension of credit in the form of a credit card. Instead, the student loans look just like extension of credits without the convenience factors that the *Hitz* court found to be services under section 1671(c). There, credit cards were not just credit but also were a convenience service that could be used to avoid carrying cash and checks. *See id.*

What *Hitz* suggests is that credit card users might enjoy services that render their contracts "consumer contracts," at least for purposes of section 1671(c). *See id.* at 287. Similarly, when the action challenged is a financial service, not the extension of credit, it is a service under the

UNITED STATES DISTRICT COURT
For the Northern District of California

Consumer Legal Remedies Act (and by analogy, might render the contract a section 1671(c) consumer contract). *See Jefferson v. Chase Home Finance LLC*, No C 06-6150 TEH, 2007 WL 1302984 (N.D. Cal. May 3, 2007) (Chase customers challenged how mortgage prepayments were applied; the prepayment program – which allowed prepayment without a penalty – was a financial service under the Consumer Legal Remedies Act). Again, the extension of credit alone is not a "service" under the authority that the parties cited,[3] and Plaintiffs have not pled facts that student loans are different than mere extensions of credit.

As pled, the claim does not establish that the student loans are "services" under section 1671(c). It is possible that Plaintiffs could plead facts – such as more specific facts about how the student loans operate – to cure this deficiency. The court observes that the fall-back "services" that Plaintiffs identify in their opposition are more like the ancillary housekeeping tasks of servicing a loan that do not change an extension of credit into a service under section 1671(c). *Cf. Fairbanks v. Superior Court*, 46 Cal. 4th 56, 65 (2009) (similar ancillary services did not make otherwise an otherwise intangible good (like life insurance or loans) a tangible good bought for personal, family, or household use under the Consumer Legal Remedies Act). But at this juncture, the court will not evaluate the sufficiency of a hypothetical amended complaint.

*ii. Whether the loans are "personal property"*

Plaintiffs also argue that a loan is "personal property" under section 1671(c). *See* Opposition, ECF No. 30 at 11-12. As authority for this conclusion, Plaintiffs cite California Civil Code § 14, which states that "the words 'personal property' includes money, goods, chattels, things in action, and evidences of debt." The problem with this argument is that it is not at all obvious that "evidences of debt" are the same as loans. In the sections of the California Civil Code governing

---

[3] At the hearing, in support of their position that student loans are consumer transactions that should be analyzed under section 1671(d), Plaintiffs directed the court's attention to *Beasley v. Wells Fargo Bank*, 235 Cal.App.3d 1383 (Cal.App. 1 Dist. 1991). In *Beasley*, the court analyzed the assessment of fees against credit cardholders who either failed to make timely payments or exceeded their credits limits under section1671(d). *See* 235 Cal. App. 3d at 1390. But, in *Beasley*, Wells Fargo did not contest whether section 1671(d) applied. *Id.* at 1399 n.7 ("Wells Fargo has expressly declined to challenge the application of subdivision (d) to this case, effectively conceding that this is a 'consumer' action.").

loans of money, for example, "evidence of debt" means a note or negotiable instrument. California Civil Code § 1916.5. That is entirely different than a loan. Moreover, as Sallie Mae points out, courts addressing liquidated damages provisions contained within loan documents have applied section 1671(b). *See Ridgley v. Topa Thrift & Loan Assn.*, 17 Cal. 4th 970, 977 (1998).

*(iii) Whether the costs (A) are unreasonable or (B) not impracticable or extremely difficult to fix*

The final issue is whether the plaintiffs sufficiently plead the unreasonableness of the liquidated damages under section 1671(b) or the impracticability or extreme difficulty of fixing actual damages under section 1671(c). Sallie Mae does not challenge the sufficiency of the complaint as to either theory. The court also finds sufficient the allegations in the complaint. *See* ECF No. 19 at 8, ¶ 35.

***c. Conclusion as to claim one***

Plaintiffs sufficiently alleged standing. To the extent that claim one purports to allege a claim under California Civil Code § 1671(d), the court dismisses without prejudice with leave to amend. Claim one states a ground for relief under California Civil Code § 1671(b) and thus is a live claim that may be reasserted in an amended complaint.

**2. Claim Two: Unfair Practices Under the Consumer Legal Remedies Act**

Plaintiffs claim that the collection costs violate the Consumer Legal Remedies Act (CLRA) because Sallie Mae represented that defaulting borrowers would be assessed only reasonable costs that were actually incurred. First Amended Complaint, ECF No. 19, at 8-9, ¶¶ 37-45.

***a. Standing***

The standing analysis is the same as for claim one. Plaintiffs have standing.

**b. Sufficiency of Claim Under Rule 12(b)(6)**

Sallie Mae's arguments – that extensions of credit are not services under CLRA – are summarized in the previous section. *See also* Reply, ECF No. 33 at 9 (loans are not goods or services under CLRA). Plaintiffs respond that they alleged in the complaint that the violations were "committed in transactions intended to result or that did result in the sale of educational services." First Amended Complaint, ECF No. 19 at 9, ¶ 40.

As discussed above, extending credit is not the sale of goods or services under CLRA, unless the seller of the goods or services is the one extending credit. *See, e.g.*, *Van Slyke*, 503 F. Supp. 2d at

1358-59 (collecting cases); *accord Gutierrez v. Wells Fargo & Co.*, 622 F. Supp. 2d 946, 957 (N.D. Cal. 2009); *In re Late Fee & Over-limit Fee* Litig., 528 F.Supp. 2d 953, 966 (N.D. Cal. 2007); *Ball v. Fleet Boston Financial Corp.*, 164 Cal.App.4th 794, 798 (2008). Plaintiffs have cited no authority supporting the conclusion that a transaction intended to result in the purchase or sale of goods or services from someone else (other than the extender of credit) is a sale of goods or services under CLRA.[4] *See Gutierrez*, 622 F. Supp. 2d at 957 (analogizing overdrafts to extensions of credit; using money extended by overdrafts to buy goods from vendors other than bank not is covered by CLRA).

On the face of the complaint, there are no facts showing that the student loans are anything more than extensions of credit, that Sallie Mae has otherwise sold goods or services to Plaintiff, or that CLRA applies. Given that Plaintiffs might be able to cure this deficiency, the court dismisses with leave to amend.

**3. Claim Three: Unfair Business Practices**

Plaintiffs claim that the 25 percent collection costs and Sallie Mae's collection practices are unfair business practices in violation of California Business & Professions Code § 17200. Specifically, Plaintiff alleges:

> 47. Defendant's continuing imposition of unlawful and unenforceable Collection Penalties constitute an unfair business practice in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiffs and Class members have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants alleged herein.
>
> 48. Defendant's practices with respect to Collection penalties violate the unlawful prong of the UCL because they violate (as set forth above) (a) Cal. Civil Code § 1671; (b) the CLRA; (c) the terms of the Notes; (and, as set forth below) (d) the Rosenthal Act; and (e) the CCRA.

---

[4] Plaintiffs cite *McKell v. Wahington Mutual, Inc.*, 142 Cal. App. 4th 1457 (2006), for the proposition that the CLRA applies to their loan transactions, which resulted in the "sale of educational services to consumers." Plaintiffs' Opposition to Defendant's Motion to Dismiss, ECF No. 30 at 17. Plaintiffs' citation to *McKell* implies that the court held that a home loan from a third-party mortgage lender to purchase real property "resulted" in the sale of that property within the meaning of the CLRA. *Id.* But the analysis in *McKell* focused on the fact that real property is not a good covered by the CLRA. 142 Cal. App. 4th at 1488. Given this focus, which is sufficient to conclude that the CLRA did not apply, this court does not find *McKell* persuasive authority for the proposition that the CLRA applies to the student loan transactions because they allegedly were intended to result and resulted in the "sale of educational services to consumers."

> 49. Defendant's practices with respect to Collection penalties violate the unfairness prong of the UCL because (a) such charges constitute unfair and wrongful penalties inconsistent with the language and policy of Cal. Civil. Code § 1671; (b) such charges were assessed pursuant to adhesion contracts; (c) the practice is oppressive, unscrupulous, or substantially injurious to consumers; and (d) the utility of the collection penalties is significantly outweighed by the gravity of the harm they impose on Plaintiffs.
>
> 50. Defendant's practices with respect to Collection Penalties violate the fraudulent prong of the UCL because Defendant represented that the defaulting borrowers would be assessed reasonable collection costs permitted by law, when in fact defaulting borrowers were assessed unreasonable and illegal Collection Penalties.

First Amended Complaint, ECF No. 19 at 10.

In its motion, Sallie Mae urges the court to dismiss Plaintiffs' claims because (a) Plaintiffs have not alleged a loss of money or property that would give rise to any relief under the unfair business practices law, meaning, Plaintiffs lack standing; (b) the predicate claims are all subject to dismissal, and thus there are no underlying violations to support a section 17200 claim; and (c) Plaintiffs may not assert a violation under section 17200 based on the California Consumer Reporting Agencies Act (claim 7) because federal law preempts such a claim. Motion to Dismiss, ECF No. 28 at 14-16.

The court finds standing, finds that predicate claims one, four, and seven are a basis for a section 17200 claim, and rejects the preemption argument.

***a. Standing***

A party may bring a section 17200 claim only if he shows that he "suffered injury in fact *and* has lost money or property as a result of the unfair competition." Cal. Business and Professions Code § 17204 (emphasis added). The court has already analyzed injury in fact for predicate claims for the section 17200 violation (claims one, two, and four through seven) and concluded that there is standing for those claims. Plaintiffs have established injury in fact.

The issue then is whether Plaintiffs have alleged that they lost "money or property as a result of the unfair competition." *Id.* California courts have interpreted this provision as requiring plaintiffs to show that they have: (1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which they have a cognizable claim. *See Hall v. Time Inc.*, 158 Cal. App. 4th 847, 854-55 (2008).

Here, as discussed in the standing argument in claim one, the complaint sufficiently alleges that plaintiff Silva paid collection penalties on each of her two loans and that the collection costs were

unreasonable. *See* First Amended Complaint, ECF 19 at 7, ¶¶ 27-30. At minimum, these allegations establish standing for Silva, and that can convey standing on other class members in a class action. *See Bates*, 511 F.3d at 985.

As to the other plaintiffs, it does not appear that they have alleged sufficiently that they lost money or property. It is possible that they could. *See Briosos v. Wells Fargo Bank*, No. C 10-02834 LB, 2010 WL 5387826, *14 (N.D. Cal. Dec. 21, 2010) (in case involving mortgage refinancing and predicate violations of TILA and state law, plaintiffs' allegations that he paid new closing fees and interest-only payments were sufficient for standing); *Anderson v. Bank of Am.*, No. C 10-0818, 2010 WL3185777, *2 (S.D. Cal. Aug. 10, 2010) (allegation that plaintiff "suffered actual harm and damage including paying more than she should have paid for the subject loan" enough for standing).

Sallie Mae also argues that to meet the standing requirements for a section 17200 claim, Plaintiffs must allege a "loss of money or property that is eligible for restitution." Motion to Dismiss, ECF No. 28 at 14-15 (citing cases, including *Buckland v. Threshold Enter., Ltd.*, 155 Cal. App. 4th 798, 817 (2007)). The Supreme Court of California has rejected this argument. *See Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 789 (2010) (holding that plaintiffs do not have to allege losses eligible for restitution to bring suit under the UCL); *Kwikset Corp. v. Superior Court*, --- Cal. Rptr. 3d ----, No. S171845, 2011 WL 240278, at *14-*15 (Jan. 27, 2011). In *Kwikset*, the Supreme Court of California reiterated that the standing requirements under section 17204 and eligibility for restitution under section 17203 "are wholly distinct." 2011 WL 240278, at *14. The court noted that nothing in the text or history of Proposition 64 suggested otherwise. *Id.* The court also explained that a plaintiff could suffer a real economic injury but that the loss would not always result in a money or property acquired by the defendant, such as when the value of a plaintiff's asset diminishes based on defamatory statements made by a defendant. *Id.* at 15. In this situation, the plaintiff would have standing under section 17204 but would not be eligible for restitution under section 17203. *Id.* The court concluded its analysis by noting that "injunctions are 'the primary form of relief available under the UCL to protect consumers from unfair business practices,' while restitution is a type of 'ancillary relief.'" *Id.* (quoting *In re Tobacco II Cases*, 46 Cal.4th 298, 319 (2009)). Based on this reasoning, the court in *Kwikset* held "ineligibility for restitution is not a basis

for denying standing under section 17204" and disapproved of those cases – including *Buckland* – that concluded otherwise. *Id.* Accordingly, the court rejects Sallie Mae's argument that Plaintiffs must show losses of money or property eligible for restitution.

**b. Sufficiency of Claim Under Rule 12(b)(6)**

California Business & Professions Code § 17200, also known as California's "Unfair Competition Law," prohibits "any unlawful, unfair or fraudulent" business practices. Cal. Bus. & Prof. Code § 17200. "Since section 17200 is [written] in the disjunctive, it establishes three separate types of unfair competition. The statute prohibits practices that are either 'unfair'" or 'unlawful,' or 'fraudulent.'" *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003); *see also Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Plaintiffs assert their claim under each of the three theories.

*i. Unlawful business practices*

Plaintiffs allege that the 25 percent collection fees and collection practices are unlawful business practices because they violate California Civil Code § 1671 (claim one), the CLRA (claim two), the terms of the note (claim four), the Rosenthal Act (claim six), and the CCRRA (claim seven). First Amended Complaint, ECF No. 19 at 10, ¶ 48.

"The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994). Thus, an unlawful business practices claim under section 17200 "'borrows' violations of other laws and treats them as unlawful practices independently actionable under section 17200." *Id.* Accordingly, a defendant "cannot be liable under § 17200 for committing unlawful business practices without having violated another law." *Ingles v. Westwood One Broadcasting, Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

In the separate sections analyzing the individual claims, the court determined that Plaintiffs stated a claim for violations of California Civil Code § 1671(b) (claim one), the terms of the note (claim four), and the CCRAA (claim seven). These violations support Plaintiffs' section 17200 claim based on unlawful practices.

Sallie Mae also argues that Plaintiffs may not assert a violation under section 17200 based on the

California Consumer Reporting Agencies Act (CCRRA) (claim seven) because the Fair Credit Reporting Act (FCRA) preempts the claim. Motion to Dismiss, ECF No. 28 at 15-16. This argument fails.

As discussed below, the CCRAA claim charges a violation of California Civil Code § 1785.25(a), which prohibits anyone reporting information to a credit reporting agency about a transaction if the person knows the information is inaccurate. The specific charge is that Sallie Mae violated section 178.25(a) by reporting a debt (the 25 percent collection fee) that it knew was unlawful. First Amended Complaint, ECF No. 19 at 12-13. As discussed below, the FCRA preempted many state laws but not section 1785.25(a). *See* 15 U.S.C. § 1681t(b)(1)(F). Thus, claim seven itself is not preempted.

Sallie Mae nonetheless argues that the alleged violation of the CCRAA cannot act as a predicate violation for a section 17200 claim because such a claim would be preempted by the FCRA. Motion to Dismiss, ECF No. 28 at 9 (citing *Wang v. Asset Acceptance*, 681 F.Supp.2d 1143 (2010)). As noted above, the FCRA preempts most state laws relating to the duties of people who furnish information to consumer reporting agencies but the statute expressly exempts claims brought under section 1785.25(a). *Wang*, 681 F.Supp.2d at 1146. Specifically, the statute states:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996).

15 U.S.C. § 1681t(b)(1)(F).

The question here is whether the UCL creates an additional requirement or prohibition beyond the duties created by section 1785.25(a) by providing for a private right of enforcement.

Like the CCRAA, the FCRA provides, in part, that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). The FCRA does not provide for a private right of action for alleged violations of this duty. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); 15 U.S.C. § 1681s-2(d). The duties created by subsection (a) are enforceable only by federal or state agencies under the FCRA. *Id.*

The court in *Wang* held that the UCL imposes an independent requirement or prohibition on furnishers of information to consumer reporting agencies because it provides plaintiffs with an independent cause of action – that is, private citizens can bring suit against the furnishers of information for willfully or negligently providing inaccurate information. 681 F.Supp.2d at 1150. But this reasoning misses the point of the decision in *Gorman*.

In *Gorman*, the Ninth Circuit distinguished the imposition of additional legal duties, which are preempted, and the provision of additional remedies or enforcement mechanisms that are not. 584 F.3d at 1171. The Ninth Circuit explained that neither California Civil Code § 1785.25(g) nor section 1785.31 – the two provisions of the CCRAA that provide for a private right of action to enforce the duties created by § 1785.25(a) – impose a "requirement or prohibition" that would be preempted by the express terms of the FCRA. *Id.* Instead, the Ninth Circuit stated that "these sections merely provide a vehicle for private parties to enforce other sections, which do impose requirements and prohibitions." *Id.* Likewise, here, the section 17200 claim does not impose any additional duties on Sallie Mae and is merely an additional vehicle for enforcing section 1725.25(a).

*ii. Unfair Business Practices and Fraudulent Business Practices*

Plaintiffs allege that the 25 percent collection costs are unfair because they are inconsistent with California Civil Code § 1671, assessed under an adhesion contract, unfairly and oppressively injure consumers, and impose harm that significantly outweighs any utility of the collection penalties. First Amended Complaint, ECF No. 19, ¶ 49. Plaintiffs also allege that the 25 percent collection costs are fraudulent because the notes allowed only reasonable costs permitted by law. *Id.* at ¶ 50.

The court has determined that Plaintiffs adequately pleaded a section 1671(b) claim (claim one) and a breach of contract claim (claim four). Sallie Mae did not challenge Plaintiffs' claim on these theories in any other way.

**4. Claim Four: Breach of the Terms of the Promissory Note**

Plaintiffs claim that the 25 percent collection costs breach the terms of the promissory note, which allows Sallie Mae to assess only reasonable and actually-incurred collection charges. First Amended Complaint, ECF No. 19 at 10-11, ¶¶ 52-55; Opposition, ECF No. 30 at 21-22.

The elements of a claim for breach of contract are as follows: (1) the contract; (2) plaintiff's

performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to plaintiff as a result of the breach. *See CDF Firefighters v. Maldonado*,158 Cal.App. 4th 1226, 1239 (2008).

Sallie Mae argues that Plaintiff did not plead prong two: Plaintiffs' performance under the contract or that there was an excuse for non-performance. Motion to Dismiss, ECF No. 28 at 16. Plaintiffs respond that Sallie Mae contracted for only reasonable costs in the event of a default, and that agreement is enforceable in the event of a default. Opposition, ECF No. 21-22. Plaintiffs argue that Sallie Mae's position makes no sense because it would mean that agreements about the costs of collecting a defaulted loan would never be enforceable against the lender if the borrower defaults. *See id.* Plaintiffs observe that Sallie Mae's argument applies only to Plaintiffs' failure to perform conditions precedent. *Id.*

The court agrees with Plaintiffs that a contractual obligation providing for reasonable costs in collecting a defaulted loan is an independent contractual obligation that binds both parties. The court concludes that as pled, Plaintiffs state a claim for breach of contract. Plaintiffs may reassert this claim in an amended complaint.

In the complaint, Plaintiffs also allege that the collection of costs under the contract must comport with applicable law, and Sallie Mae breached the contract when it assessed costs that were unlawful and not actually incurred. First Amended Complaint, ECF No. 19 at 11, ¶¶ 54-55. For the first time in the reply brief, Sallie Mae asserts the following: (i) the laws in question are California Civil Code § 1671 and the CLRA; (ii) Plaintiffs fail to state a claim that these laws were violated; and (iii) the contract claim thus fails too because those laws do not apply. Reply, ECF No. 33 at 12. The court observes that Sallie Mae concedes that Plaintiffs state a claim under California Civil Code § 1671(b). In any event, Plaintiffs could not respond to this argument because it was raised only in the reply brief. If Plaintiffs file an amended complaint, Sallie Mae may reassert its any argument in the context of the new complaint.

**5. Claim Five: Cause of Action for Declaratory Relief**

Plaintiffs asks the court to declare that the collection penalties are void under California Code of Civil Procedure § 1060.

Under section 1060, "[a]ny person . . .who desires a declaration of his or her rights or duties with

respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action." Cal. Code of Civil Procedure § 1060. "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court." *Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal.2d 719, 728 (1944); *see Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 647-48 (2009) ("Declaratory relief pursuant to this section has frequently been used as a means of settling controversies between parties to a contract regarding the nature of their contractual rights and obligations." (citations omitted)).

***a. Standing***

The standing analysis is the same as for claim one. Also, as the court concludes in the next section, there is an actual controversy between the parties involving Sallie Mae's alleged demand of collection costs that Plaintiffs dispute as a violation of the terms of the promissory note. Plaintiffs have standing.

**b. Sufficiency of Claim Under Rule 12(b)(6)**

Sallie Mae argues only that because Plaintiffs fail to state a claim as to claims one through four, the fifth claim for declaratory relief also fails. Sallie Mae did not challenge Plaintiffs' claim under section 1671(b), as it conceded during oral argument. Also, Plaintiffs state a claim for breach of contract. Claim five is a live claim that may be reasserted in an amended complaint.

**6. Claim Six: Violation of the Rosenthal Fair Debt Collection Practices Act**

Plaintiffs claim Sallie Mae violated the Rosenthal Fair Debt Collection Practices Act – which bans unfair practices in collecting consumer debt – by the following conduct: (a) falsely representing that the loans would be increased by the collection fees when they could not legally be added, in violation of California Civil Code § 1788.13(e); (b) collecting collection fees not permitted by law, in violation of California Civil Code § 1788.14(b); and (c) violating 15 U.S.C. §§ 1692b-1692j, the Fair Debt Collections Practices Act, which is a violation of California Civil Code § 1788.17(b), by the following debt collection practices in violation of the following code sections:

a. Falsely representing the character, amount or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

b. Falsely representing the compensation a debt collector can lawfully collect. *Id.* §1692e(2)(B).

c. Communications of, and threats to communicate, credit information to Plaintiffs and consumer reporting agencies. *Id.* §1692e(8).

d. False and deceptive means to collect or attempt to collect a debt. *Id.* §1692e(10).

e. Collecting and attempting to collect fees not expressly authorized by the notes. *Id.* §1692f(1).

First Amended Complaint, ECF No. 19, at 12, ¶¶ 63-65. Sallie Mae argues that Plaintiffs failed to state a claim because there are no allegations that they engaged in debt collection and because the federal statute preempts a state claim about the violations of 15 U.S.C. §§ 1692(e)(8). Motion to Dismiss, ECF No. 28 at 16-17. Plaintiffs concede preemption as to the section 1692(e)(8) violation but argue that Sallie Mae is responsible vicariously for its adding the 25 percent collection costs and referring the loans for collection to third-party debt collectors. Opposition, ECF No. 30, at 22-24.

***a. Standing***

In its motion to dismiss, Sallie Mae argued generally that Plaintiffs lacked standing because three of the four plaintiffs did not allege that they paid any collection costs, and the fourth plaintiff did not allege that she paid more than reasonable costs. Motion to Dismiss, ECF No. 28 at 9-10, 14 (generally focusing its standing arguments on claim three, the section 17200 claim). Plaintiffs responded that the debt collection practices violate the Rosenthal Act even if the debtor does not pay the debt demanded. Opposition, ECF No. 30 at 8-9. Sallie Mae does not challenge standing in the reply brief. *See* ECF No. 33 at 7 (noting that argument implicates standing only for claims six and seven). That presumably is because debt collection practices can violate the Rosenthal Act regardless of whether Plaintiffs paid the debt. *See Baker*, 677 F.2d at 777, 780 (Fair Debt Collection Practices Act protects consumers victimized by unscrupulous debt collectors, regardless of whether a valid debt exists). Also, to the extent that the Rosenthal Act claim also involves the allegation that Sallie Mae collected fees not permitted by law, the standing analysis in claim one applies.

In sum, Plaintiffs have standing.

**b. Sufficiency of Claim Under Rule 12(b)(6)**

Sallie Mae argues that Plaintiffs have not stated a claim because they have not alleged that Sallie Mae itself collected the debt. Motion to Dismiss, ECF No. 28 at 17. Plaintiffs respond that they

alleged that Sallie Mae added the 25 percent collection charge to the loans and referred the loans to debt collectors, who collected and attempted to collect the penalties. Opposition, ECF No. 30 at 22 (citing First Amended Complaint, ¶ 14). Implicit in this allegation, Plaintiffs argue, is Sallie Mae's vicarious liability as agent for the actions of its debt collectors. *See id.* (citing cases finding that a company was liable for the debt collection actions of its collection attorneys). Sallie Mae responds that Plaintiffs cited only cases about a creditor's liability for the collection actions of its attorneys and did not cite cases under the Rosenthal Act imposing liability on the original creditor for the actions of a third-party debt collector. Reply, ECF No. 33 at 13.

The Rosenthal Act regulates the actions of debt collectors, not creditors. *See* California Civil Code § 1788.1(b) (the act "prohibit[s] debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts"); *Oei v. N. Star Capital Acquisitions, LLC*, 486 F.Supp.2d 1089, 1097 (C.D. Cal. 2006) (Fair Debt Collections Practices Act does not regulate creditors' activities at all) (quotation and citation omitted). A "debt collector" under the Rosenthal Act is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). Agency principles can impose "debt collector" liability on a creditor, however. *See Oei*, 486 F.Supp.2d at 1094-1096 & n.28.

Here, the complaint does not have any fact allegations about the agency relationship that Plaintiffs rely on to establish debt collector liability for Sallie Mae. The claim is dismissed with leave to amend.

Sallie Mae also argues that Plaintiffs cited only cases about a creditor's liability for the collection actions of its attorneys. Reply, ECF No. 33 at 13. Those cases, it says, do not establish that an original creditor has liability under the Rosenthal Act for the acts of a third-party debtor. The court cannot evaluate the sufficiency of a hypothetical amended complaint. Sallie Mae may reassert its any argument in the context of the new complaint.

**7. Claim Seven: Violation of the Consumer Credit Reporting Agencies Act**

Plaintiffs claim Sallie Mae violated the Consumer Credit Reporting Agencies Act (CCRAA), California Civil Code § 1785.1 *et seq*, by informing credit reporting agencies that Plaintiffs owe them collection penalties that Sallie Mae knows are illegal and unenforceable. First Amended Complaint,

ECF No. 19 at 12-13, ¶¶ 67-69.

Section 1785.25(a) of the CCRRA provides the following: "[A] person shall not furnish information on a specific transaction or experience to any consumer reporting agency if the person knows or should know the information is incomplete or inaccurate." The Fair Credit Reporting Act preempted many state laws but expressly exempted from preemption claims under section 17825(a). *See* 15 U.S.C. § 1681t(b)(1)(F); *Gorman*, 584 F.3d at 1169, 1173.

Sallie Mae does not challenge standing, assert preemption, or allege that Plaintiffs failed to state a claim. Its only argument was that the violation could not provide the predicate for a section 17200 violation. Motion to Dismiss, ECF No. 28 at 15-16. That argument was addressed above. Claim seven thus is a live claim that may be reasserted in an amended complaint.

**IV. CONCLUSION**

The court dismisses claim one (based on the section 1671(d) theory), claim two (the CLRA claim), claim three (on the CLRA and Rosenthal Act predicate theories), and claim six (the Rosenthal Act claim) with leave to amend. Claims one (on the section 1671(b) theory), three (with predicate claims one, four, and seven), four, five, and seven remain live claims.

Plaintiffs have 28 days from the date of this order to file an amended complaint.

This disposes of ECF No. 28.

**IT IS SO ORDERED.**

Dated: February 11, 2011

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California