UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ANGELO BOTTONI, *et al.*, | No. C 10-03602 LB |
| Plaintiffs, | **ORDER RE MOTION TO DISMISS** |
| v. | [ECF No. 42] |
| SALLIE MAE, INC., *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

The plaintiffs in this putative diversity class action are former students at the California Culinary Academy who took out private (not federally-guaranteed) student loans from defendant Sallie Mae, Inc. and thereafter defaulted on the loans. Second Amended Complaint, ECF No. 35 at 3, 5-8, ¶¶ 8-10, 22-33.[1] After the default, according to Plaintiffs, Sallie Mae assessed collection charges of 25 percent of the principal and interest due (regardless of the actual collection costs incurred) and referred the loans to debt collectors. *Id.* at 4-8, ¶¶ 16, 22-33.

The case was filed in state court, Sallie Mae removed it to federal court on August 16, 2010, and Plaintiffs filed their first amended complaint on August 18, 2010. Notice of Removal, ECF No. 1 at 2; First Amended Complaint, ECF No. 19. All parties have consented to this court's jurisdiction. ECF Nos. 11 and 15.

---

[1] Citations are to the docket numbers in the Electronic Case File (ECF) with pin cites to the electronically-stamped pages at the top of the document (as opposed to numbers at the bottom).

1    In the complaint, Plaintiffs alleged seven claims based on the collection fees and debt collection
2 practices: (1) a violation of California Civil Code § 1671, which prohibits unreasonable liquidated
3 damages provisions in contracts; (2) a violation of the Consumers Legal Remedies Act (CLRA),
4 California Civil Code § 1750 *et seq.*, which prohibits unfair practices resulting in the sale of goods
5 or services to a consumer; (3) a violation of California Business & Professions Code § 17200 *et seq.*,
6 known as the Unfair Competition Law, which prohibits unfair or unlawful conduct; (4) a breach of
7 the promissory note's express terms, which allow only the collection of reasonable and actually-
8 incurred costs; (5) a cause of action for declaratory relief based on the assessment, collection, and
9 attempted collection of the collection fees; (6) a violation of the Rosenthal Fair Debt Collection
10 Practices Act ("Rosenthal Act" or "RFDCPA"), California Civil Code § 1788 *et seq.*, which
11 prohibits the collection of unlawful fees and unlawful debt collection practices; and (7) a violation of
12 the Consumer Credit Reporting Agencies Act, California Civil Code § 1785.1 *et seq.*, which
13 prohibits the furnishing of incomplete or inaccurate information to a credit reporting bureau.  First
14 Amended Complaint, ECF No. 19 at 7-15.

15    Sallie Mae moved to dismiss all claims on the grounds that (A) Plaintiffs lacked standing
16 because they never alleged injury, and (B) Plaintiffs did not state claims for relief under Federal
17 Rule of Civil Procedure 12(b)(6).  Motion to Dismiss First Amended Complaint, ECF No. 28 at 8.

18    After conducting a hearing on the motion on February 3, 2011, the court found standing as to all
19 claims but dismissed without prejudice claims one (based on the section 1671(d) theory), two (the
20 CLRA claim), three (on the CLRA and Rosenthal Act predicate theories), and six (the Rosenthal Act
21 claim) for failure to state a claim.  Order, ECF No. 35 at 26.

22    On March 10, 2011, Plaintiffs filed their second amended complaint, reasserting the same seven
23 claims that were alleged in the first amended complaint.  Second Amended Complaint, ECF No. 37
24 at 1.  Shortly thereafter, Sallie Mae filed a motion to dismiss, arguing that Plaintiffs failed to state a
25 claim with regard to claim one based on the section 1671(d) theory because the loans at issue are not
26 goods or services, claim two because a student loan is a not a service within the Consumer Legal
27 CLRA, claim six because Sallie Mae is not vicariously liable for the activities of third-party debt
28 collectors under the RFDCPA, and claim three because the alleged violations of the CLRA and

1  RFDCPA fail. Motion to Dismiss Second Amended Complaint, ECF No. 42.

2  The court dismisses claim one on the 1671(d) theory because the loans at issue are not goods or services and dismisses claim two because a student loan is a not a service within the Consumer Legal CLRA. The court also dismisses claim three to the extent that it relies on the CLRA claim. The court denies Sallie Mae's motion to dismiss Plaintiffs' claim six because Plaintiffs sufficiently alleged that the debt collectors are agents of Sallie Mae.

The following claims remain live: claim one (on the section 1671(b) theory); claim three (based on the section 1671(b) theory with regard to claim one as well as claims four, six, and seven); claim four; claim five; and claim seven.

## II. FACTS

The court described fully the facts in its earlier order. ECF No. 35 at 3-4. The amended complaint generally asserts the same facts. To the extent that in its previous order the court identified specific fact deficiencies that Plaintiffs possibly could cure by amendment, any new facts are discussed in the context of the specific claims.

Here, the court briefly summarizes the relevant background facts. Plaintiffs are four putative class representatives who obtained private (non-federally funded) student loans through Sallie Mae's Signature Student Loan program between September 2002 and September 2004 to pay for the costs of programs at the California Culinary Academy. Second Amended Complaint, ECF No. 37 at 5-7, ¶¶ 22, 25, 28 and 30. The promissory notes for the plaintiffs' loans contain the following or a similar provision about collection costs:

> [Borrower] agree[s] to pay [holder] reasonable amounts permitted by law, including attorneys' fees and court costs, which [holder] incurs in enforcing the terms of this Note, if [borrower is] in default.

*Id.* at 4, ¶ 14. Plaintiffs defaulted on their loans. *Id.* at 6-7, ¶ 23, 26, 29 and 31.

Thereafter, Plaintiffs contend, Sallie Mae added to the loan balance for each loan a collection charge of 25 percent of the outstanding principal and interest (regardless of the actual collection costs incurred) and then referred the loans to third-party debt collectors for collection. *Id.* at 4, ¶ 16. The debt collectors then tried to collect the principals, interest, and 25 percent collection costs from all four plaintiffs. *Id.* at 6-8, ¶¶ 23-24, 26, 29, 31-32. Plaintiffs allege that the collection costs were

1  unreasonable because they were not a good-faith attempt to estimate actual damages and were
2  assessed in part as leverage in the collection of the defaulted loans. *See id.* at 4, ¶ 18. Plaintiffs also
3  allege the following: (A) the costs were unreasonable under the circumstances existing at the time of
4  the contract; (B) it would not be impracticable or extremely difficult to fix the actual costs of
5  collection; (C) the amount of the penalties does not represent the result of a reasonable endeavor by
6  Sallie Mae to estimate a fair compensation for any loss that may be sustained; and (D) the penalties
7  are designed to exceed the collection costs actually incurred. *See id.* at 9, ¶ 39.

## III. ANALYSIS

In its motion to dismiss, Sallie Mae argues that four of the claims as pled do not establish a claim for relief under state law. Motion, ECF No. 42. Because the court must analyze the sufficiency of the claims individually, the court first sets out the general legal standards and then analyzes each claim.

### A. Legal Standards

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

1  If the court dismisses the complaint, it should grant leave to amend even if no request to amend
2  is made "unless it determines that the pleading could not possibly be cured by the allegation of other
3  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc.*
4  *v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party
5  repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See*
6  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where
7  district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim
8  with leave to amend).

**B. Analysis of Individual Claims**

**1. Claim One: Liquidated Damages Under California Civil Code § 1671**

Plaintiffs claim that the 25 percent collection costs, which were imposed regardless of the actual collection costs incurred, operate as unlawful liquidated damages under California Civil Code § 1671(d), which governs liquidated damages provisions in contracts for the retail purchase of personal property or services primarily for personal, family, or household purposes.  *See* Cal. Civil Code § 1671(c) & (d); Second Amended Complaint, ECF No. 37 at 8-9, ¶¶ 36-40.  Sallie Mae argues that the claim as pled under section 1671(d) does not satisfy Rule 12(b)(6) because the loans at issue are not goods or services.  Motion, ECF No. 42 at 7-9.

As to their § 1671(d) claim, in response to the court's order identifying factual deficiencies that might be cured by amendment, Plaintiffs offer one new allegation that goes to the argument that the loans are contracts for services.  Specifically, Plaintiffs now allege the following:

> Sallie Mae services all of the Sallie Mae Private Loans, whether or not it is the lender. In this capacity, Sallie Mae performs a number of services, including, *inter alia*, processing loan payments, calculating and reporting account balances, and providing a website and call center for borrowers to access their loan information and make payments.

ECF No. 37 at 3, ¶ 12.  As the court observed in its previous order, these services are like the ancillary housekeeping tasks of servicing a loan and do not change an extension of credit into a service under section 1671(c).  *Cf. Fairbanks v. Superior Court*, 46 Cal. 4th 56, 65 (2009) (similar ancillary services did not make otherwise an otherwise intangible good (like life insurance or loans) a tangible good bought for personal, family, or household use under the Consumer Legal Remedies

1  Act).

2  Plaintiffs also invite the court to reconsider its decision and devote the majority of this section of
3  its opposition to reiterating the arguments made in the prior round of briefing. Opposition, ECF No.
4  45 at 7. Additionally, Plaintiffs assert that the court misapprehended Plaintiffs' argument in the
5  earlier round of briefing and failed to address whether the loans "are contracts for the purchase or
6  rental of money." *Id.* at 8.

7  The court reaffirms its reasoning as laid out in its earlier order. *See* Order, ECF No. 35 at 9-15.
8  And, for clarity's sake, the court directly addresses Plaintiff's contention that the loans are contracts
9  for the purchase or rental of money. First, Plaintiffs' argument is not supported by any direct
10 authority that loans *are* contracts for the purchase or rental of money. And, although Plaintiffs seek
11 to distinguish the cases, courts addressing liquidated damages provisions contained within loan
12 documents have applied section 1671(b). *See Ridgley v. Topa Thrift & Loan Assn.*, 17 Cal. 4th 970,
13 977 (1998); *In re Hein*, 60 B.R. 769, 777-78 (S.D. Cal. 1986).

14 Second, a loan simply does not fit within an easy understanding of a contract for the "retail
15 purchase . . . of personal property or services." Under Plaintiffs' proposed definitions and
16 characterizations, the borrower is purchasing money with a promise to return the money (albeit, in
17 this case, with interest) at a later date. *See* Cal. Civ. Code § 1912 ("A loan of money is a contract by
18 which one delivers a sum of money to another, and the latter agrees to return at a future time a sum
19 equivalent to that which he borrowed."). Treating the borrowed money as a purchased object
20 basically turns a loan into a retail installment sale/contract for money. The structure of the
21 California Civil Code suggests that the two are distinct. *See* Cal. Civ. Code § 1799.90 (separately
22 listing retail installments contracts – as defined in sections 1802.6 of the California Civil Code – and
23 loans in its definition of "consumer credit contract").

24 Nor does a loan fit within an easy understanding of a contract for the "rental . . . of personal
25 property or services" because, according to Plaintiffs' own description of the operation of a loan,
26 title to the lent sum passes to the borrower, ECF No. 45 at 8 n.3, and is not the payment for use of
27 another's property. *Cf.* Black's Law Dictionary (9th ed. 2009) (defining "rent" as payment for use
28 of another's property); *but see Wilshire Holding Corporation v. C.I.R.*, 262 F.2d 51, 53 (9th Cir.

1958) ("Roughly, interest is the rental price of money.").

Because the court is unpersuaded that the loans are contracts for retail purchases or rentals of personal property or services and Plaintiffs has not raised significant new arguments, the court dismisses without leave to amend claim one on the 1671(d) theory.

### 2. Claim Two: Unfair Practices Under the Consumer Legal Remedies Act

Plaintiffs claim that the collection costs violate the Consumer Legal Remedies Act (CLRA) because Sallie Mae represented that defaulting borrowers would be assessed only reasonable costs that were actually incurred. Second Amended Complaint, ECF No. 37, at 9-10, ¶¶ 41-49. Sallie Mae again argues that extensions of credit are not services under the CLRA. Motion, ECF No. 42 at 10-12. Plaintiffs do not dispute Sallie Mae's contention that their CLRA claims fail as a matter of law and should be dismissed. Opposition, ECF No. 42 at 14. Given Plaintiffs' lack of objection and the court's analysis on the issue in its previous order, ECF No. 35 at 15-16, the court dismisses claim two without leave to amend.

### 3. Claim Six: Violation of the Rosenthal Fair Debt Collection Practices Act

Plaintiffs claim Sallie Mae violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Specifically, Plaintiffs allege the following new facts in response to the court's identification of factual deficiencies in the earlier complaint:

> In demanding and/or collecting the 25% Collection Penalties on behalf of Sallie Mae, Sallie Mae's debt collectors act as the agents of Sallie Mae. Sallie Mae has the right to, and does in fact, control the manner and method by which these debt collectors demand payment and collect debt. In addition, Sallie Mae's debt collectors are authorized to act and act on Sallie Mae's behalf by demanding, collecting, and compromising debts. Amongst other things, Sallie Mae directs the debt collectors to demand and collect the 25% Collection Penalties.

Second Amended Complaint, ECF No. 37 at 4, ¶ 17.

Sallie Mae argues that Plaintiffs failed to state a claim because there are no allegations that they engaged in debt collection and the court should ignore what Sallie Mae characterizes as "the Plaintiffs' conclusory allegations (and legal implications) that the third-party debt collection companies act as 'agents' of Sallie Mae." Motion to Dismiss, ECF No. 42 at 13.

Sallie Mae notes that no reported California case decided under the RFDCPA that has attributed the debt collection activities of a third-party debt collection company to the original creditor for the

purpose of imposing liability under the statute. *Id.* Sallie Mae claims that the only case to have held a creditor vicariously liable for the activities of a third-party collector was based on an attorney-client

relationship, which is a principal-agent relationship as a matter of law. *Id.* (citing *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1094-96 (C.D. Cal. 2006)). On the other hand, Plaintiffs point to a number of non-California cases in which courts have found that vicarious liability under the federal Fair Debt Collection Practices Act may be imposed based on the conduct of non-attorney debt collector. Opposition, ECF No. 45 at 12 n.8.

Sallie Mae also notes that there is no California authority holding a third-party debt collector to be an agent of the creditor. Motion to Dismiss, ECF No. 42 at 13. Sallie Mae further argues that the debt collectors are independent contractors and, therefore, that vicarious liability does not apply. *Id.* Plaintiffs argue that being an independent contractor and being an agent are not mutually exclusive. Opposition, ECF No.45 at 14. Plaintiffs also argue that Salle Mae misidentifies the test for whether an entity is an independent contractor or employee as the test for distinguishing between an agent and non-agent. *Id.* at 13.

Debt collectors may be independent contractors *and* agents. *See City of Los Angeles v. Meyers Bros. Parking System, Inc.*, 54 Cal. App.3d 135, 138 (Cal. Ct. App. 1975) ("One who contracts to act on behalf of another and subject to the other's control except as to physical conduct is both an agent and an independent contractor."). Moreover, an agency relationship generally is a question of fact, *Seneris v. Haas*, 45 Cal.2d 811, 831 (1955) ("Unless the evidence is susceptible of but a single inference, the question of agency is one of fact for the jury."), and Sallie Mae's arguments regarding a right to control are better suited to a motion for summary judgment than a motion to dismiss. *See Dion LLC v. Infotek Wireless, Inc.*, No. C07-1431 SBA, 2007 WL 3231738 at \*4 (N.D. Cal. Oct. 30, 2007) (denying motion to dismiss vicarious liability claim where plaintiffs alleged agency relationship between parties without additional factual allegations) *but compare Hawkins v. First Horizon Home Loans*, CIV No. S-10-1876 FCD/GGH, 2010 WL 4823808 (E.D. Cal. Nov. 22, 2010) ("[P]laintiffs do not allege any facts to show how Horizon authorized any other defendant to represent and/or bind it. Plaintiffs must allege such facts to sufficiently apprise defendants of the

nature of the agency relationship."); *see also Greenberg v. Sala*, 822 F.2d 882, 886 (9th Cir.1987) ("A person legally responsible for an act may be alleged to have committed it without going into the theories which support that ultimate fact.").

In Plaintiffs's first amended complaint, they merely alleged that Salle Mae referred the debt to professional debt collectors. First Amended Complaint, ECF No. 19 at 4, ¶ 14. In Plaintiffs' second amended complaint, they explicitly allege that the debt collectors act as the agents of Sallie Mae and that Sallie Mae has the right to, and does in fact, control the manner and method by which these debt collectors demand payment and collect debt, including that the debt collectors are directed to demand and collect the 25% collection penalties. Second Amended Complaint, ECF No. 37 at 4, ¶ 17. Plaintiffs might not be able to prove these allegations but they are sufficient to state a vicarious liability claim against Sallie Mae under the RFDCPA. At the motion hearing, Sallie Mae agreed that the issue was more appropriate for a motion for summary judgment instead of a motion to dismiss.

**4. Claim Three: Violations of the Unfair Competition Law**

In relevant part to the issues in this motion, Plaintiffs allege in the second amended complaint that Sallie Mae's practices violate the unlawful prong of section 17200 of the California Business and Professions Code (the "UCL") because they violate section 1671 of the California Civil Code; the CLRA (when Sallie Mae did not issue the loan itself); the terms of the Notes; the Rosenthal Act; and the CCRAA. Second Amended Complaint, ECF No. 37 at 10-11 at ¶ 52.

Sallie Mae argues that Plaintiffs' unlawful UCL claim fails to the extent that their CLRA and RFDCPA claims fail. Motion, ECF No. 42 at 10. In its reply, Sallie Mae asserts for the first time that UCL claims cannot be predicated on vicarious liability. Reply, ECF No. 47 at 7 (citing *Emery v. VISA Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002) (holding that an "unfair practices claim under section 17200 cannot be predicated on vicarious liability.")).

Plaintiffs concede that their unlawful UCL claim fails to the extent that it is based on their CLRA claim. Opposition, ECF No. 45 at 15.

The prohibition against bringing vicarious liability claims under the UCL is predicated on a lack of "personal 'participation in the unlawful practices' and 'unbridled control.'" *Emery*, 95 Cal. App. 4th at 960 (citing *People v. Toomey*, 157 Cal. App. 3d 1, 14 (1984)). Again, Plaintiffs allege that

UNITED STATES DISTRICT COURT
For the Northern District of California

Sallie Mae controls the debt collectors in that Sallie Mae directs the debt collectors to demand and collect the allegedly illegal collection penalties, which are the actions prohibited by the RFDCPA. Second Amended Complaint, ECF No.37 at 4, ¶ 17. The court has construed this as an agency theory of liability – and, indeed, that is the express theory in the complaint, ECF No. 37 at 4, ¶ 17 – that is sufficient to survive a motion to dismiss. *See Toomery*, 157 Cal.App.3d at 14 (holding corporation liable for violations of UCL by employees, but limiting individual liability to cases where individual directly participated in violations). Furthermore, "[i]ssues raised for the first time in the reply brief are waived." *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).

The court dismisses without leave to amend Plaintiffs' unlawful UCL claim to the extent that it is based on their failed CLRA claim and a 1671(d) theory of liability. *See Ingles v. Westwood One Broadcasting, Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (holding that a defendant "cannot be liable under § 17200 for committing unlawful business practices without having violated another law").

## IV. CONCLUSION

For the foregoing reasons, the court dismisses claim one (based on the section 1671(d) theory only), claim two (the CLRA claim), and claim three (based on the CLRA predicate theory only) without leave to amend. The following claims remain live: claim one (on the section 1671(b) theory); claim three (based on the section 1671(b) theory with regard to claim one as well as claims four, six, and seven); claim four; claim five; and claim seven.

Sallie Mae shall file its answer by June 20, 2011. Fed. R. Civ. P. 12(a)(4). An initial case management conference is set for July 28, 2011 in Courtroom 4, 1301 Clay Street, Oakland, California, at 10:30 a.m. A joint case management statement is due on July 21, 2011.

This disposes of ECF No. 42.

**IT IS SO ORDERED.**

Dated: June 6, 2011

_____
LAUREL BEELER
United States Magistrate Judge