UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ANGELO BOTTONI, *et al.*, | No. C 10-03602 LB |
| Plaintiffs, | **ORDER RE 6/30/2011 DISCOVERY LETTER** |
| v. | |
| SALLIE MAE, INC, | [ECF No. 54] |
| Defendant. | |

On June 30, 2011, the parties filed a joint discovery letter ("6/30/2011 Discovery Letter") in which they detailed a dispute as to whether their protective order should include a fixed limit on the time to challenge confidentiality designations, specifically whether all challenges must be made either 60 days prior to the deadline for filing any summary judgment motions, or, in the alternative 90 days prior to the trial date. 6/30/2011 Discovery Letter, ECF No. 54 at 1-3.[1]

Plaintiffs argue that the protective order in this case should track the applicable language in the district's Model Order, which permits parties to challenge confidentiality designations at any time. *Id.* at 2. Plaintiffs assert that the passage of time alone should not relieve the designating party of its burden of showing good cause for its confidentiality designations. *Id.* (citing *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F. 3d 1122, 1130 (9th Cir. 2003)). Instead, a prompt challenge should be required when – but only when – it is "necessary to avoid foreseeable, substantial

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 10-03602 LB
ORDER RE 6/30/2011 DISCOVERY LETTER

1  unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation." *Id.*
2  Plaintiffs state that, given the expected volume of documents, imposing a fixed limit on the time to
3  challenge confidentiality designations might result in Plaintiffs' inadvertent waiver or early,
4  ultimately unnecessary challenges to material that might not be necessary. *Id.*

5  Sallie Mae argues that the fixed time limit is appropriate because untimely challenges may cause
6  substantial unfairness and significant disruption or delay of the litigation. *Id.* at 3 (citing *Klein v.*
7  *King*, 132 F.R.D. 525, 526 (N.D. Cal. 1990)). According to Sallie Mae, a fixed time limit will
8  clarify for the parties and the court what challenges will cause substantial unfairness. *Id.*
9  Additionally, Sallie Mae also notes that the proposed deadlines will ensure that the court can resolve
10 any disputes prior to the filing of the motions or trial exhibits. *Id.* Finally, Sallie Mae claims that
11 the coordinated deadlines will not prejudice either party because, by those dates, each party will
12 have had the time to thoroughly review the documents that are necessary for the determination of the
13 case. *Id.*

14 In *Klein*, the court ultimately rejected fixed time limits for objecting to confidentiality
15 designations. 132 F.R.D. at 526. Instead, the court stated, "Delay in raising such a challenge,
16 however, will adversely affect the case development process and the interests of other parties, and
17 shall be considered, in the balancing, against the party who belatedly raises the issue." *Id.*

18 The undersigned thinks the approach in *Klein* is best. Accordingly, the court declines to set a
19 fixed deadline for objecting to confidentiality designations. Instead, the court **ORDERS** that the
20 protective order in this case should track the applicable language in the district's Model Order,
21 which permits parties to challenge confidentiality designations at any time. The court, however, also
22 counsels the parties that the court takes seriously the issue of untimely challenges and that Sallie
23 Mae's proposed deadlines seem reasonable.

24 This disposes of ECF No. 54.

25 **IT IS SO ORDERED.**

26 Dated: July 11, 2011

27 _____
   LAUREL BEELER
28 United States Magistrate Judge