1

2

3

4

5

6

7

8                         UNITED STATES  DISTRICT COURT

9                          Northern District of California

10                              Oakland Division

11   ANGELO BOTTONI, *et al.*,                    No. C 10-03602 LB

12                     Plaintiffs,         **ORDER GRANTING MOTION TO**
                                           **STRIKE AFFIRMATIVE DEFENSES**
13        v.
                                           [ECF No. 56]
14   SALLIE MAE, INC.,

15                     Defendant.
     _____/

16                            **I.  INTRODUCTION**

17       The plaintiffs in this putative diversity class action are former students at the California Culinary

18   Academy who took out private (not federally-guaranteed) student loans from Defendant Sallie Mae,

19   Inc. and thereafter defaulted on the loans.  Second Amended Complaint, ECF No. 35 at 3, 5-8, ¶¶ 8-

20   10, 22-33.[1]  After the default, according to Plaintiffs, Sallie Mae assessed collection charges of 25

21   percent of the principal and interest due (regardless of the actual collection costs incurred) and

22   referred the loans to debt collectors.  *Id.* at 4-8, ¶¶ 16, 22-33.

23       Plaintiffs moved to strike Sallie Mae's first, third, fourth, fifth, sixth, tenth, thirteenth affirmative

24   defenses, as well as its reservation of the right to assert additional affirmative defenses.  Motion,

25   ECF No. 56.  Sallie Mae does not oppose Plaintiffs' motion to strike the tenth and thirteenth

26   affirmative defenses or the final reservation of the right to assert additional defenses, but otherwise

27   _____

28       [1]  Citations are to the docket numbers in the Electronic Case File (ECF) with pin cites to the
     electronically-stamped pages at the top of the document (as opposed to numbers at the bottom).

1  opposes the motion.  Opposition, ECF No. 60 at 2.  In their reply brief, Plaintiffs withdrew their

2  motion as to Sallie Mae's first and fourth affirmative defenses.  Reply, ECF No. 63 at 2.

3  Accordingly, now before the court is Plaintiffs' motion to strike Sallie Mae's third, fifth, and sixth

4  affirmative defenses.

## II.  LEGAL STANDARD

6     Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient

7  defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a Rule

8  12(f) motion is to avoid spending time and money litigating spurious issues.  *Whittlestone, Inc. v.*

9  *Handi-Craft Co.*, 618 F3d 970, 973-974 (9th Cir. 2010).  An affirmative defense is insufficiently pled

10  if it fails to give the plaintiff fair notice of the nature of the defense.  *Wyshak v. City Nat'l Bank*, 607

11  F.2d 824, 827 (9th Cir. 1979).

12     Motions to strike "are generally disfavored because the motions may be used as delaying tactics

13  and because of the strong policy favoring resolution of the merits."  *Barnes v. AT&T Pension Ben.*

14  *Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010).  But courts in this

15  district consistently have applied the *Twombly-Iqbal* pleading standard to the pleading of affirmative

16  defenses, requiring a defendant to allege enough facts to state a claim to relief that is plausible on its

17  face.  *See id.* at 1171-1173; *J&J Sports Productions, Inc. v. Mendoza-Govan*, No. C 10–05123

18  WHA., 2011 WL 1544886 , at *1 (N.D. Cal. Apr. 25, 2011); *J&J Sports Productions, Inc. v. Coyne,*

19  No. C 10-04206 CRB, 2011 WL 227670, at *2 (N.D. Cal. Jan. 24, 2011).  The heightened standard

20  is used to "weed out the boilerplate listing of affirmative defenses which is common place in most

21  defendant's pleadings."  *Barnes,* 718 F.Supp.2d at 1172. In other words, the simple listing of "a

22  series of conclusory statements asserting the existence of an affirmative defense without stating a

23  reason why that affirmative defense might exist" is not sufficient.  *Id.*

24     A showing of prejudice is not required to strike an "insufficient" portion of the pleading as

25  opposed to "redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f).  *Id.* at 1173.

26  And, in any event, the obligation to conduct expensive and potentially unnecessary and irrelevant

27  discovery is a prejudice.  *Id.*; *see also Ganley v. County of San Mateo*, No. C06-3923 TEH, 2007

28  WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (motions to strike are proper even if their only purpose

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

is to make the issues less complicated and to streamline the ultimate resolution of the action).

### III. ANALYSIS

The court now applies this standard to Sallie Mae's third, fifth, and sixth affirmative defenses.

Sallie Mae argues that its affirmative defenses provide fair notice to Plaintiffs and that the defenses should not be struck prior to discovery. Opposition, ECF No. 60 at 4-5. Sallie Mae also notes that motions to strike affirmative defenses are disfavored and that some courts have required a showing of prejudice. *Id.*

In its third defense, Sallie Mae asserts that "Plaintiffs are estopped to pursue relief in this action against Sallie Mae to the extent that Plaintiffs proceed with prosecution of any other class, consolidated, or individual action in any jurisdiction against Sallie Mae, including, but not limited to, those certain actions instituted prior to or subsequent to this action." Answer, ECF No. 52 at 14.

A mere reference to the doctrine of estoppel, without supporting facts, is not enough to meet the requirements of the *Twombly-Iqbal* standard. *See Mendoza-Govan*, 2011 WL 1544886, at *4; *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010) (striking as insufficient "the bare statement of a legal doctrine lacking any articulated connection to the claim in this case"); *see also Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049-50 (N.D. Cal. 2004) (striking affirmative defense alleging estoppel where the defense did not set forth either the elements of the doctrine or the facts supporting its application). Here, Sallie Mae's third defense does not include an articulated connection to the particular circumstances of the case. Accordingly, the court grants Plaintiff's motion to strike this affirmative defense.

In its fifth defense, Sallie Mae only asserts that "the Complaint, and each and every purported claim for relief therein, is barred by the doctrine of 'unclean hands.'" Answer, ECF No. 52 at 15. Since Sallie Mae does not "identify . . . conduct by Plaintiff amounting to 'unclean hands,'" this affirmative defense also fails to meet the pleading standard discussed above. *Nguyen*, 2010 WL 3749284, at *3; *see also Qarbon.com, Inc.*, 315 F.Supp.2d at 1049-50 (striking affirmative defense alleging "unclean hands" where the defense did not set forth either the elements of the doctrine or the facts supporting its application); *CTF development, Inc.*, 2009 WL 351767, at *7.

1   Similarly, the sixth defense is a mere recitation of a legal doctrine that lacks specific supporting

2   facts and falls short of the required standard. *Qarbon.com, Inc.*, 315 F.Supp.2d at 1049-50 (striking

3   affirmative defense alleging waiver where the defense did not set forth either the elements of the

4   doctrine or the facts supporting its application). The sixth affirmative defense merely states, "Sallie

5   Mae asserts that Plaintiffs are barred from all relief sought in the complaint because Plaintiffs, by

6   their acts and/or omissions, have waived each and every claim asserted therein." Answer, ECF No.

7   52 at 15.

8   ## IV.  CONCLUSION

9   For the foregoing reasons, the court **GRANTS** without prejudice Plaintiff's motion to strike

10  Sallie Mae's third, fifth, and sixth affirmative defenses. The court also **GRANTS** with prejudice

11  Plaintiffs' unopposed motion to strike the tenth and thirteenth affirmative defenses, and the final

12  reservation of the right to assert additional defenses. Sallie Mae's first and fourth affirmative

13  defenses remain in the pleadings.

14  The court grants Sallie Mae leave to amend to cure the deficiencies identified herein with regard

15  to its third, fifth, and sixth affirmative defenses. *See Wyshak*, 607 F.2d at 826 (holding that leave to

16  amend should be freely given so long as there is no prejudice to the moving party). Any amended

17  answer must be filed within 30 days of this order. Additionally, if subsequent fact discovery reveals

18  new information supporting Sallie Mae's third, fifth, or sixth affirmative defenses, they may move to

19  reassert them at that time. *See Valley Community Bank v. Progressive Cas. Ins. Co.*, No.

20  5:11–cv–00574–JF (HRL), 2011 WL 1833116. at *3 (N.D. Cal. May 13, 2011).

21  This disposes of ECF No. 56.

22  **IT IS SO ORDERED.**

23  Dated: August 22, 2011

24  _____
    LAUREL BEELER
    United States Magistrate Judge

25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**