UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ANGELO BOTTONI, *et al.*, | No. C 10-03602 LB |
| Plaintiffs, | **ORDER RE 1/17/2012 DISCOVERY LETTER** |
| v. | |
| SALLIE MAE, INC, | [ECF No. 71] |
| Defendant. | |

On January 17, 2012, the parties filed a joint discovery letter ("1/17/2012 Discovery Letter") in which they detailed a dispute as to whether Plaintiffs may propound fourteen additional interrogatories of Defendant Sallie Mae, Inc. beyond the 25 provided for in the court's August 3, 2011 Case Management Order. 1/17/2012 Discovery Letter, ECF No. 71 at 1.[1]

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed.R.Civ.P. 33(a)(1). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." *Id.* "The court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

1  discovery sought outweighs its likely benefit, considering the needs of the case, the amount in
2  controversy, the parties' resources, the importance of the issues at stake, and the importance of the
3  discovery in resolving those issues." *Masters v. Boston Scientific Corp.*, No. C07–03792 JW
4  (HRL), 2008 WL 2397461, at *2 (N.D. Cal. June 11, 2008) (citing Fed.R.Civ.P. 26(b)
5  (2)(C)(i)-(iii)). "In practical terms, a party seeking leave to . . . serve more Interrogatories than are
6  contemplated by the Federal Rules or by the Court's Scheduling Order, must make a particularized
7  showing of why the discovery is necessary." *Id.* (quoting *Archer Daniels Midland Co. v. Aon Risk
8  Servs., Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999)).

9      Plaintiffs argue that the discovery sought is not unreasonably cumulative or duplicative and
10 cannot be obtained from a source that is more convenient, less burdensome or less expensive.
11 1/17/2012 Discovery Letter, ECF No. 71 at 2.  Plaintiffs explain that interrogatories are the most
12 efficient and least costly manner for Plaintiffs to obtain the requested information because ten of the
13 fourteen interrogatories call for precise information, such as contact information, dollar amounts,
14 and detailed process descriptions. *Id.* Plaintiffs admit that some of the information requested in
15 those interrogatories may be ascertainable from documents, but claim that Defendant has yet to
16 produce or agree to produce any such documents despite Plaintiffs' requests. *Id.*  Plaintiffs assert
17 that the remaining four interrogatories call for the application of law to the facts of the case and
18 argue that such contention interrogatories are the most effective and efficient means of ascertaining
19 Defendants' legal positions so that Plaintiffs can focus their factual investigation and prosecution of
20 this action. *Id.*  Plaintiffs also claim that they have not had ample opportunity to obtain the
21 requested information by discovery in this action because discovery is at its earliest stages and
22 Defendant had produced only Plaintiffs' individual files despite Plaintiffs' comprehensive document
23 requests and repeated efforts to meet and confer. *Id.*  Plaintiffs further argue that the benefits of the
24 requested discovery outweigh its burdens and expenses because the requested information goes to
25 the crux of Plaintiffs' claims and their suitability for class treatment. *Id.*  Also to this issue,
26 Plaintiffs observe that the potential amount of money at stake is very large and that Defendant is a
27 Fortune 500 company. *Id.* at 3.  Finally, in response to Defendant's argument, Plaintiffs contends
28 that three of their initial 25 interrogatories were rendered irrelevant only after the court issued its

**UNITED STATES DISTRICT COURT**
For the Northern District of California

order on Plaintiffs' motion to strike and that the fact that Defendant was only required to respond to 19 of Plaintiffs' initial 25 interrogatories reduced the burden on Defendant. *Id.*

Defendant states that the Case Management Order limited the number of interrogatories to 25 per side and was based upon the stipulation agreed to by counsel. *Id.* at 3. Defendant asserts that limiting the number of interrogatories to 25 per side in a multiparty action where the plaintiffs assert the same or similar claims and are represented by the same attorney is in accord with the commonsense application of Rule 33(a)(1) as explained by courts and commentators. *Id.* Defendant claims that Plaintiffs failed to demonstrate that they need the additional requested discovery and that it is unavailable through other means. *Id.* at 3-5. Defendant also claims that Plaintiffs failed to efficiently utilize the limited number of interrogatories at their disposal by, in connection with the initial interrogatories served by Bottoni, as they sought irrelevant information, information sought in connection with their requests for production, and information related to affirmative defenses that the court struck from the pleadings. *Id.* Defendant concludes by requesting full briefing on the issue if the court is inclined to allow additional discovery. *Id.* at 5.

After examining the proposed interrogatories and conducting a telephonic hearing on the issue, the court **GRANTS** Plaintiffs' request for leave to propound the interrogatories attached to the discovery letter as Exhibit 1 because the benefits significantly outweigh the burdens. Additionally, the court **GRANTS** Plaintiffs' request, which was made at the hearing, that they be allowed to modify their Interrogatory No. 1 to include a request for information pertaining to the balance and interest on the borrowers' accounts at the time of charge-off.

This disposes of ECF No. 71.

**IT IS SO ORDERED.**

Dated: January 27, 2012

_____
LAUREL BEELER
United States Magistrate Judge