UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| ANGELO BOTTONI, *et al.*, | No. C 10-03602 LB |
| Plaintiffs, | **ORDER RE DISCOVERY LETTER** |
| v. | |
| SALLIE MAE, INC., | |
| Defendant. | |

## I. INTRODUCTION

This putative diversity class action involves claims that Defendant Sallie Mae assessed collection charges of 25% of the principal and interest due (regardless of the actual collection costs incurred) against borrowers who defaulted on their private student loans. *See* Second Amended Complaint, ECF No. 37. The parties filed a joint discovery letter about whether Sallie Mae responded sufficiently to RFP 4, which requests all documents that reflect or relate to third-party debt collectors' costs of collecting Sallie Mae private loans from borrowers who defaulted. *See* Joint Letter, ECF No. 97 at 1.

The issue at the last discovery hearing was whether Sallie Mae had possession or control of the documents. Sallie Mae points out that in the court's last order, it deferred ordering this production in part because Rule 45 subpoenas were outstanding. *See id.* at 3-4. But part of the court's analysis – as discussed on the record -- was that Plaintiffs did not have Sallie Mae's contracts yet. *See* Order, ECF No. 91 at 3. Now, Plaintiffs say that those contracts require the collectors to provide Sallie

Mae with certain reports that include financial statements, recovery analysis, and other information responsive to Plaintiff's RFP. *See* Joint Letter, ECF No. 97 at 1. Presuming that Sallie Mae actually got those financial documents and information, Plaintiffs ask for the documents and information in Sallie Mae's possession. *See id.* at 3. It was not the court's intent to require Plaintiffs to get information by Rule 45 subpoena that Sallie Mae posses.[1]

Sallie Mae also argues that the information is not relevant. The court's view is that for the reasons cited by Plaintiff, it is. The court is not persuaded that Sallie Mae's arguments about the differences between California Civil Code sections 1671(b) and 1671(d) should foreclose discovery. The idea is that liquidated damages are supposed to be a fair estimate of actual costs at the time of the contract or a reasonable endeavor by the parties to estimate at the time of the contract a fair average compensation for any damages that might be sustained. *See Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal. 4th 970, 977 (1998).

The court also is not persuaded that 2002 – the time Sallie Mae established the penalty – is the only relevant time period to assess the reasonableness of a liquidated damages penalty imposed on default. On this record, the court cannot conclude that Plaintiffs seek irrelevant information.

Sallie Mae also says that Plaintiffs have not explained why the financial statements and information they seek have a loan-by-loan itemization of the collecting agency's own collection costs. Joint Letter, ECF No. 97 at 5 (observing that Plaintiffs' subpoenas have not revealed such information "so there is no reason to believe that Sallie Mae's documents would contain that information"). But Sallie Mae has the documents, and it is not a very strong argument to say that Plaintiffs ought to show why the documents actually contain relevant information. And Sallie Mae does not argue burden.

In sum, on this record, the court orders disclosure, finding that the information is relevant to whether the 25% charge is an unlawful collection penalty.

### III. CONCLUSION

---

[1] Plaintiffs ask only for "documents and information in Sallie Mae's possession, consistent with . . . [the court's June 1, 2012] order." *See* Joint Letter, ECF No. 97 at 3.

This disposes of ECF Nos. 74 and 75.

**IT IS SO ORDERED.**

Dated: August 30, 2012

_____
LAUREL BEELER
United States Magistrate Judge