1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## Northern District Of California

10

### San Francisco Division

11

ANGELO BOTTONI, PAUL ROBERTS;
TRACIE SERRANO, and SHAWNEE
SILVA, individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

SALLIE MAE, INC., and DOES 1 through
1,000, inclusive,

Defendants.

No. C 10-03602 LB

**ORDER (1) CONDITIONALLY
CERTIFYING SETTLEMENT CLASS; (2)
PROVISIONALLY APPOINTING CLASS
COUNSEL AND CLASS
REPRESENTATIVES; (3)
PRELIMINARILY APPROVING
SETTLEMENT; (4) APPROVING
NOTICE TO CLASS; (5) SETTING
HEARING FOR FINAL APPROVAL AND
PLAINTIFFS' MOTION FOR FEES AND
COSTS AND SERVICE AWARD;  AND (6)
TEMPORARILY ENJOINING CLASS
MEMBERS FROM ASSERTING
RELEASED CLAIMS**

## INTRODUCTION

Plaintiffs are four former students at the California Culinary Academy who took out

private (not federally-guaranteed) student loans serviced by Sallie Mae, Inc. ("Sallie Mae") and

thereafter defaulted on the loans.  Second Amended Complaint, ECF No. 37 at 3, 5-8, ¶¶ 8-10, 22-

33.[1]  Each of the plaintiffs signed promissory note(s), which provided that they agreed to pay

reasonable collection costs incurred by the note holder in enforcing the terms of the notes.  *Id.* at 4,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated
page numbers at the top of the document.

¶ 14.  Upon each plaintiff's default, Sallie Mae charged off the loan and placed it with one of numerous third-party collection agencies for collection.  *Id.* at 4, ¶ 16; Valerian Decl. ¶ 14.  At the time of charge-off, Sallie Mae assessed a "Collection Cost Assessment" (generally 25% of the unpaid balance), generally reflecting the contingency fees charged to Sallie Mae by its collection agencies on amounts collected.  Valerian Decl. ¶¶ 15-16.

      The operative complaint charges six claims based on Sallie Mae's collection fees and debt collection practices: (1) a violation of Cal. Civ. Code §1671(b), which prohibits unreasonable liquidated damages provisions in contracts; (2) violations of California Business & Professions Code § 17200 *et seq.*, known as the Unfair Competition Law, which prohibits unfair or unlawful conduct; (3) a breach of the promissory note's express terms, which allow only the collection of reasonable and actually-incurred costs; (4) a cause of action for declaratory relief based on the assessment, collection, and attempted collection of the collection fees; (5) a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 *et seq.*, which prohibits the collection of unlawful fees and unlawful debt collection practices; and (6) a violation of the Consumer Credit Reporting Agencies Act, California Civil Code § 1785.1 *et seq.*, which prohibits the furnishing of incomplete or inaccurate information to a credit reporting bureau.  Second Amended Complaint, ECF No. 37 at 8-13.

      Following some discovery (including document production by Sallie Mae of more than 20,000 pages of documents, Sallie Mae's responses to interrogatories, and the depositions of all plaintiffs) and two private mediation sessions with Judge Layn Phillips (Ret.), the parties reached a settlement agreement, and on July 11, 2013, plaintiffs filed an unopposed motion for an order: (1) conditionally certifying the proposed settlement class and appointing Gallo LLP as class counsel and plaintiffs as class representatives; (2) preliminarily approving the proposed settlement; (3)  approving the parties' proposed form of notice and notice program, and directing that notice be disseminated pursuant to this program; (4) setting a schedule for the fairness hearing and other remaining procedures; and (5) temporarily enjoining plaintiffs, all class members, and all persons purporting to act on behalf of class members from asserting, commencing, or prosecuting any of the released claims against Sallie Mae or any of the other released parties.  *See*

1  ECF No.138-2; Notice of Non-Opposition, ECF No. 138-2 at 3.

2       In summary form, the settlement agreement is as follows.  *See* Settlement Agreement,

3  Valerian Decl. Exh. 1.  Sallie Mae shall reduce the Collection Cost Assessment to 8.75% for each

4  of the class members' private education loans.  Settlement Agreement § III.B.1.  For each loan

5  with an outstanding balance: 1) any and all amounts previously allocated toward collection costs

6  in excess of 8.75% of post charge-off payments shall be reallocated to principal, interest or other

7  fees in accordance with the terms of the promissory notes; in any case where this reallocation

8  satisfies the outstanding loan balance and results in a credit to the borrower, Sallie Mae shall issue

9  a refund in the amount of that credit; 2) prospectively, no more than 8.75% of any and all future

10  payments shall be allocated toward collection costs.  *Id*. § III.B.1.(a).  For loans that have been

11  paid or settled in full: 1) where the amount of collection costs paid in excess of the adjusted 8.75%

12  Collection Cost Assessment exceeds the amount that Sallie Mae wrote off in principal, interest and

13  other fees (excluding collection costs), Sallie Mae shall refund the difference; 2) where the amount

14  of collection costs paid in excess of the adjusted 8.75% Collection Cost Assessment is less than

15  the amount that Sallie Mae wrote off in principal, interest and other fees (excluding collection

16  costs), Sallie Mae shall refund the sum of forty dollars ($40).  *Id*. § III.B.1.(b).  All refund

17  payments shall be made by check payable to the borrower, except that in the case of loans that

18  have a co-borrower(s) or co-signer(s), payment shall be made by check payable jointly to the

19  borrower and co-borrower(s) or co-signer(s).  *Id*. § III.B.1.(c).  All refund checks not cashed

20  within one hundred eighty (180) days of issuance shall be allocated as *Cy Pres* to Operation

21  HOPE, www.operationhope.org, within thirty (30) days, to provide services in California.  *Id*. §

22  III.B.1.(d).

23       The settlement agreement will be administered by an independent claims administrator

24  called Kurtzman Carson Consultants, which will mail the notices (as described below), establish a

25  website, distribute funds to class members, and otherwise administer the settlement.  *Id*. §§ II.M,

26  III.B.1.(d), III.E.

27       This order grants conditional class certification, preliminarily approves the settlement,

28  appoints the class representatives and class counsel, approves the plan for notice to the class, sets

3

the schedule for the final approval process (including plaintiffs' attorney's fees and incentive

award), and temporarily enjoins class members from asserting released claims.

**ANALYSIS**

## I.  JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1332(d)(2).

## II. CONDITIONAL CERTIFICATION OF CLASS

For settlement purposes only, the parties propose conditional certification of the following

class:

> [A]ll persons in California[2]  who, within the period from July 13, 2006 through May 31, 2013
> (the "Class Period"), were assessed and/or paid a Collection Cost Assessment in connection
> with a private education loan serviced by Sallie Mae, as identified in the class list to be
> generated by Sallie Mae from its records using its best efforts.

Settlement Agreement § II.N.

The court reviews the propriety of class certification under Federal Rule of Civil Procedure

23(a) and (b).  In a settlement context, the court must pay "undiluted, even heightened, attention"

to class certification requirements because the court will not have the opportunity to adjust the

class based on information revealed at trial.  *See Staton v. Boeing*, 327 F.3d 938, 952-53 (9th Cir.

2003) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)); *Hanlon v. Chrysler

Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (same).

The court finds that the proposed settlement class here meets the requirements of Federal

Rule of Civil Procedure 23(a) and (b).

### A. Rule 23(a)

Class certification requires the following: (1) the class must be so numerous that joinder of

all members individually is "impracticable;" (2) there are questions of law or fact common to the

class; (3) the claims or defenses of the class representatives must be typical of the claims or

---

[2] Persons shall be deemed to be "in California" if: 1) they were assessed a Collection Cost Assessment during the Class Period while residing in California, or 2) they were a California resident at the end of any month during the Class Period in which any payment was applied to their Collection Cost Assessment.  Settlement Agreement § II.N.

4

1  defenses of the class; and (4) the person representing the class must be able to fairly and

2  adequately protect the interests of all class members.  *See* Fed. R. Civ. P. 23(a); *Staton*, 327 F.3d

3  at 953.

4        Here, the factors support class certification.  First, the class members – all identifiable from

5  Sallie Mae's records – number at least 40,245 (Valerian Decl. ¶ 21), which makes joinder

6  impracticable.  *See Jordan v. County of L.A.*, 669 F.2d 1311, 1319 (9th Cir.), vacated on other

7  grounds, *County of L.A. v. Jordan*, 459 U.S. 810 (1982).  Second, each of the class members had

8  similar contract provisions allowing for assessment of collection costs "incurred" by Sallie Mae

9  and it appears that each of the class members had accounts for which Sallie Mae: (1) assessed a

10 Collection Cost Assessment, (2) attempted to collect the Collection Cost Assessment through

11 collection agencies, and (3) reported Collection Cost Assessments to credit reporting agencies.

12 Valerian Decl. ¶¶ 10-11, 16.  This gives rise to common claims as well as common questions of

13 law and fact.  Third, plaintiffs' claims are typical of the claims of other class members: plaintiffs'

14 claims are co-extensive with the claims of absent class members because they were all subject to

15 the aforementioned Sallie Mae practices (Valerian Decl. ¶ 32) and their claims are based on the

16 same contractual rights and legal theories.  *See Hanlon*, 150 F.3d at 1019-20 (claims are typical if

17 they are reasonably coextensive with that of absent class members; they need not be substantially

18 identical).  Fourth, the named plaintiffs are able to fairly and adequately protect the interests of all

19 class members.  The factors relevant to a determination of adequacy are as follows: (1) the

20 absence of potential conflict between the named plaintiff and the class members; and (2) counsel

21 chosen by the representative parties is qualified, experienced and able to vigorously conduct the

22 proposed litigation.  *Id.* at 1020.  The court is satisfied that those factors exist here.  As discussed

23 already, the named plaintiffs have shared claims and interests with the class.  Also, plaintiffs have

24 retained qualified and competent counsel.  *See* Valerian Decl. ¶¶ 35-36; *Local Joint Executive Bd.*

25 *of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001);

26 *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir. 1992).

27 **B.  Rule 23(b)(3)**

28        In addition to meeting the prerequisites of Rule 23(a), a proposed class must be appropriate

5

C 10-03602 LB
ORDER

1    for certification under one of the categories in Rule 23(b).  *See* Fed. R. Civ. P. 23(b); *Hanlon*, 150

2    F.3d at 1022. The court finds that certification is appropriate under Rule 23(b)(3).  Questions of

3    law and fact common to class members predominate over any questions affecting only individual

4    members.  *See* Fed. R. Civ. P. 23(b)(3).  The case involves multiple claims for relatively small

5    sums, and a class action is superior to an alternative method for fairly and efficiently adjudicating

6    the claims.  *See Amchem Products*, 521 U.S. at 625; *Culinary/Bartender Trust Fund*, 244 F.3d at

7    1163 (class action appropriate because "if plaintiffs cannot proceed as a class, some – perhaps

8    most – will be unable to proceed as individuals because of the disparity between their litigation

9    costs and what they hope to recover").

10       **C.  Conclusion: Provisional Certification is Appropriate**

11              Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the court conditionally

12   certifies the class set forth above for the purpose of giving the class notice of the proposed

13   settlement in this matter, and conducting a fairness hearing.

14   **III. APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL**

15              For the reasons set forth in the previous section, the court appoints plaintiffs Angelo

16   Bottoni, Paul Roberts, Tracie Serrano, and Shawnee Silva as the class representatives.  The court

17   finds provisionally that they have claims that are typical of the claims of class members generally

18   and that they are adequate representatives of the other members of the proposed class.  The court

19   also provisionally finds that Ray Gallo and Dominic Valerian of Gallo LLP have sufficient

20   qualifications, experience, and expertise in prosecuting class action cases and appoints them as

21   class counsel for settlement purposes only.

22   **IV. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

23              Procedurally, the approval of a class action settlement has two stages: (1) the preliminary

24   approval, which authorizes notice to the class; and (2) a final fairness hearing, where the court

25   determines whether the parties should be allowed to settle the class action on the agreed-upon

26   terms.  In reviewing the proposed settlement, the court need not address whether the settlement is

27   ideal or the best outcome, but determines only whether the settlement is fair, free of collusion, and

28   consistent with plaintiffs' fiduciary obligations to the class.  *See Hanlon*, 150 F.3d at 1027.  The

6

1    *Hanlon* court identified factors relevant to assessing a settlement proposal: (1) the strength of the

2    plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the

3    risk of maintaining class action status throughout the trial; (4) the amount offered in settlement;

4    (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and

5    views of counsel; (7) the presence of a government participant; and (8) the reaction of class

6    members to the proposed settlement.  *Id.* at 1026 (citation omitted).

7          The court has evaluated the proposed settlement agreement for overall fairness under the

8    *Hanlon* factors and concludes that preliminary settlement is appropriate.

9          Under the proposed settlement, Sallie Mae would be limited to charging class members

10   8.75% Collection Cost Assessments and class members who settled their loans without paying any

11   collection costs in excess of the adjusted 8.75% Collection Cost Assessment will receive a forty

12   dollar refund.  Settlement Agreement § III.B.  This compromise appears reasonable in light of the

13   litigation costs and risks plaintiffs face, including that Sallie Mae could defeat class certification

14   altogether by showing that measuring class members' damages (which could require a

15   determination of each class member's actual collection costs) presents insurmountable

16   individualized issues.  *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2546 (2011)

17   (rejecting plaintiffs attempt to use a formulaic model to determine each class member's damages

18   as impermissible "Trial by Formula.").  It also could exclude the significant number of borrowers

19   who signed arbitration agreements from the class and thereby effectively prevent them from

20   obtaining any relief.  Motion at 20-21; Valerian Dec. ¶ 13.

21         Continued litigation also would result in significant costs, including additional work by

22   experts to calculate damages, and the litigation of motions for class certification and summary

23   judgment.  Discovery could prove particularly costly as plaintiffs might reasonably choose to

24   depose some or all of Sallie Mae's thirty or more Collectors to establish their actual costs, and

25   potentially obtain their consumer databases.  Motion at 22-23.  In addition, this case presents

26   numerous potential appellate issues for both sides, which could extend the litigation for years.

27   These considerations weigh in favor of settlement.  *Id.*

28         The settlement appears to treat all class members fairly.  The only class members who fall

7

1  outside the 8.75% formula are borrowers who settled their loans without paying any collection

2  costs in excess of the adjusted 8.75% Collection Cost Assessment (after taking into account the

3  amount that Sallie Mae wrote off in principal, interest and other fees (excluding collection costs)).

4  These borrowers receive $40 instead.  This appears to be reasonable compensation.  The $5,000

5  incentive awards plaintiffs plan to request also appear to be appropriate to compensate plaintiffs

6  for their time and effort and for the risk they undertook in prosecuting the case against Sallie Mae.

7  Valerian Decl. ¶ 34.

8         The settlement is also the product of serious, non-collusive, arms' length negotiations and

9  was reached during mediation before an experienced mediator, a retired Federal District Judge

10 with a national reputation.  Valerian Decl. ¶¶ 24-25; Phillips Decl. ¶ 5.  In sum, the court finds that

11 viewed as a whole, the proposed settlement is sufficiently "fair, adequate, and reasonable" such

12 that preliminary approval of the settlement is warranted.  *See Officers for Justice v. Civil Serv.*

13 *Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).  The court

14 thus approves the settlement agreement preliminarily.

15 **V.  APPROVAL OF CLASS NOTICE**

16        The court approves the proposed notice, which will be sent by electronic mail, to the extent

17 Sallie Mae has a valid email address for the settlement class member, and otherwise by U.S. Mail.

18 Settlement Agreement § III.E.  The notice and other documents will also be available online at

19 www.bottoniclassaction.com.  *Id.*  Class members will have 45 days from the date the class notice

20 is sent to request exclusion or object to the settlement.  This gives class members sufficient time to

21 consider their options and make a fully informed decision.  *See, e.g., Torrisi v. Tucson Elec.*

22 *Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (approving notice sent 31 days before the deadline

23 for objections and 45 days before the hearing).

24        The court also finds that the notice fairly, plainly, accurately, and reasonably informs class

25 members of the following: (1) the nature of the litigation, the settlement class, the identity of class

26 counsel, and the essential terms of the settlement agreement; (2) the amounts that will be requested

27 as attorney's fees, costs, and class representative incentive awards; (4) how to challenge or opt out

28 of the settlement, and the effect of failing to do so; (5) the time and place of the fairness hearing;

8

and (6) how to obtain additional information regarding this litigation, the settlement agreement and the approval process.

In sum, the form of the notice is approved, and the manner of distributing the class notice is approved.

## VI. COMPLIANCE WITH CLASS ACTION FAIRNESS ACT

On July 31, 2013, Sallie Mae filed a declaration of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. In that declaration, Sallie Mae's counsel established that on July 19, 2013, KCC mailed notice of the settlement agreement to the Attorney General of the United States and the appropriate California state official. *Id.* According to the declaration, the notice contains the documentation required by 28 U.S.C. § 1715(b)(1-8). *See id.* Any final settlement approval will be more than 90 days after service. *See* 28 U.S.C. § 1715.

## VII.   OTHER ACTIONS ENJOINED/STAYED

Pending the fairness hearing, and in aid to this court's jurisdiction to implement and enforce the settlement, plaintiffs and all settlement class members and all persons purporting to act on behalf of settlement class members are enjoined, individually, on a representative basis or in any other capacity, from asserting, commencing, prosecuting, or continuing any of the released claims against Sallie Mae or any of the other released parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

## VIII.   PROCEDURES FOR FINAL APPROVAL OF SETTLEMENT

The schedule for dates and deadlines is set forth in the table below and discussed in the sections that follow.

| Event | Date |
|---|---|
| Deadline to send class notice | 21 days after issuance of this order |
| Deadline for plaintiffs to file motion for award of attorney's fees and costs and motion for incentive awards to representative plaintiffs | 15 days after class notice is sent |
| Deadline for submission of objections or exclusion requests to Settlement Administrator | 45 days after class notice is sent |
| Deadline for plaintiffs to file motion for final approval | 35 days before the fairness hearing or 21 days if unopposed |

9

| Deadline for plaintiffs to file Settlement Administrator declaration identifying class members who submitted exclusion requests | 14 days before the fairness hearing |
|---|---|
| Deadline to file responses to objections to final approval or fee | 7 days before the fairness hearing |
| Fairness hearing | |

## A. Fairness Hearing

At the hearing, the court will determine whether to grant final certification of the settlement class, confirm the appointment of Gallo LLP as class counsel and the plaintiffs as class representatives, finally approve the settlement agreement, and award the requested incentive awards to the class representatives and attorney's fees and costs to class counsel.

## B. Mailing of Notice by No Later Than 21 Days From Today

The court orders the parties (through the Settlement Administrator) to send the notice in the form approved by this order within 21 days of this order as follows:

1. The Settlement Administrator will provide notice by electronic mail, to the extent Sallie Mae has a valid email address for the settlement class member, and otherwise by U.S. Mail, to be sent to the last known addresses of the settlement class member, according to Sallie Mae's records.

2. The Settlement Administrator will establish and maintain an Internet site using a domain name of www.bottoniclassaction.com, dedicated to the settlement, on which the class notice will be posted.

Class counsel shall file proof of distribution of notice at or before the final hearing.

## C. Requests for Exclusion from the Settlement

1. Class members may exclude themselves, or opt out, of the class settlement, and that request for exclusion must be made in the manner set forth in the class notice.

2. To be excluded from the settlement, the opt-out request must be postmarked or submitted electronically no later than forty-five days after the date that the class notice is sent.

3. Not later than 10 days before the fairness hearing, class counsel shall file a declaration from the Settlement Administrator that identifies all settlement class members for whom the Settlement Administrator timely received valid exclusion requests, as well as any apparently

10

invalid exclusion requests with an explanation of the reason(s) for their invalidity.

**D.  Objections to the Settlement**

1.   Any class member who has not opted out of the settlement and who wishes to object to the fairness, reasonableness or adequacy of the settlement must do so in writing and must include the information indicated on the class notice.

2.   Objections shall be filed with the court and served on class counsel, and Sallie Mae's counsel, and must be postmarked or delivered no later than 45 days after the date the class notice is sent.

3.   Objections raised at the fairness hearing will be limited to those previously submitted in writing.  Any member of the class who does not timely serve such a written objection shall not be permitted to raise such objection, except for good cause shown, and any member of the class who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

4.   If a settlement class member hires an attorney to represent him or her, the attorney must file a notice of appearance with the clerk of court no later than forty-five (45) days after class notice is sent.

**E.  Deadline for Submitting Motion Seeking Final Approval**

Plaintiff shall file a motion for final approval of the settlement and settlement agreement at least 35 days before the fairness hearing if the motion is opposed (i.e., if a timely objection to the settlement is made) or at least 10 court days before the hearing if unopposed.

**F.  Deadline for Petition for Attorney's Fees, Costs, and Expenses**

Pursuant to *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994–95 (9th Cir. 2010), class counsel shall file with this court their petition for an award of attorney's fees and reimbursement of costs no later than 15 days after class notice is sent.  The motion shall be heard at the time of the fairness hearing.

**G.  Plaintiffs' and Class Members' Release**

If, at the fairness hearing, this court grants final approval to the settlement and the settlement agreement, then the named plaintiffs and each individual settlement class member who

C 10-03602 LB
ORDER

does not timely opt out will release claims, as set forth in the settlement agreement, by operation of this court's entry of the judgment and final approval.

<strong>CONCLUSION</strong>

For the reasons previously stated, the court GRANTS plaintiffs' unopposed motion for preliminary approval of class action settlement.  This disposes of ECF No. 138.

**IT IS SO ORDERED.**

Dated: ___August 2, 2013_____        _____
                                             LAUREL BEELER
                                             United States Magistrate Judge

C 10-03602 LB
ORDER